537 So.2d 171 (1989)
STATE of Florida, Appellant,
v.
Carnell Maurice HALL, Appellee.
No. 87-2127.
District Court of Appeal of Florida, First District.
January 13, 1989.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., for appellant.
*172 Michael E. Allen, Public Defender, Phil Patterson, Asst. Public Defender, for appellee.
WENTWORTH, Judge.
The state appeals an order suppressing evidence. We find that the record supports the court's determination that appellee was subjected to custodial interrogation and should have been advised of his constitutional rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We therefore affirm the order appealed.
Appellee was charged with possession of cocaine and drug paraphernalia, and filed a motion to suppress evidence. At the suppression hearing it was established that two law enforcement officers observed appellee while they were hidden on surveillance in a remote section of a parking area known for drug transactions. Appellee and another individual were seen in a parked vehicle exchanging a butane lighter which they kept lit for extended periods. The officers suspected that crack cocaine was being consumed and they approached appellee's vehicle. As they did so they saw appellee reach under his seat. Upon arriving at the vehicle one officer stood by the passenger door, and the other officer stood by the driver's door and shined his flashlight into appellee's eyes.
The officer at the driver's door asked appellee what had been placed under his seat. Appellee did not respond, and the officer indicated that he had been observing appellee and believed there were drugs in the car. The officer asked whether appellee had drugs, and appellee replied affirmatively. The officer then told appellee to "hand me the drugs ... do you mind  do you want to hand them to me." Without speaking appellee reached beneath his seat and handed the officer various items of physical evidence.
In suppressing this evidence the court found that appellee had been subjected to custodial interrogation and acquiesced to the officers' authority. The court determined that the failure to advise appellant of his constitutional rights renders inadmissible the evidence gained through the interrogation.
Not every encounter between a law enforcement officer and a citizen is of such magnitude as to constitute a seizure or detention impacting constitutional protections. See e.g., Jacobson v. State, 476 So.2d 1282 (Fla. 1985). And a temporary detention upon founded suspicion of criminal activity does not always require Miranda warnings. See e.g., Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Like routine traffic stops, these brief encounters generally do not involve the coercive atmosphere of a full custodial interrogation. Id.; see also, Pennsylvania v. Bruder, ___ U.S. ___, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988). However, when a citizen so detained is thereafter subjected to "treatment that renders him `in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by Miranda." Berkemer, supra.
The court found that the circumstances under which the officer questioned appellee were such that appellee was not free and would not rationally believe that he could leave the scene. As Berkemer indicates, this is the relevant inquiry  how a reasonable person in the suspect's position would understand the situation. The present case involves a more restrictive detention, and more coercive circumstances, than those in Berkemer or Bruder. The record supports the court's determination that for practical purposes appellee was in custody while being questioned by the officers. Appellee was thus entitled to the full range of Miranda protections.
The state asserts that even if Miranda warnings were required the evidence should nevertheless be admissible because it was voluntarily produced by appellee. However, the court found that the evidence was not voluntarily produced, but rather was surrendered in acquiescence to the officers' authority. A mere submission to the apparent authority of a law enforcement officer does not render an action voluntary in the constitutional sense. See Ingram v. State, 364 So.2d 821 (Fla. 4th DC *173 1978). In accordance with the court's factual findings, which are supported by the record, the evidence was properly suppressed upon the officers' failure to advise appellee of his constitutional rights.
The order appealed is affirmed.
MILLS and SHIVERS, JJ., concur.