557 So.2d 893 (1990)
Miguel MORALES, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2863.
District Court of Appeal of Florida, Fourth District.
February 28, 1990.
Rehearing Denied April 4, 1990.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn Waxman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Reversed and remanded for a new trial. We agree with appellant that the trial court erred in denying his motion to suppress. However, we reject appellant's claim of error in the use of a computer printout in establishing the value of items stolen from the victim's business.
*894 The record reflects that the police stopped and detained the appellant-driver to warn him about speeding, and, in doing so, observed a passenger in appellant's vehicle place something under the front seat. Concerned about their safety, the police officers looked under the seat and discovered several plain manila envelopes. The officers conceded that the discovery of the envelopes relieved their concerns for their safety. However, notwithstanding the determination that the envelopes constituted no threat to their safety, the officers searched the envelopes, and, subsequently, questioned the appellant about the gold chains found inside the envelopes and the reason for concealing the envelopes under the seats. Upon further interrogation the appellant admitted that the jewelry was stolen and that there was other contraband in the car.
The appellant claims that the police, once having determined that the envelopes constituted no danger to them, had no right to search further; or to interrogate him without advising him of his right to remain silent. The appellant is correct.
The police have no automatic right to search a vehicle stopped for a traffic violation. They do, however, have a right to make a limited search for their own safety if they observe furtive movements within the vehicle that may involve hiding a weapon. This right to search is limited to determining if a weapon is present, and is similar to the protective pat-down search authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also White v. State, 458 So.2d 1150 (Fla. 1st DCA 1984); Thompson v. State, 405 So.2d 501 (Fla. 2d DCA 1981). Under the holdings in these cases the police had a limited right to determine whether a weapon was placed under the seat. However, once having determined no weapon was involved, the police had no right to search the envelopes, or, having detained appellant, to interrogate him about the attempt to hide the envelopes, without advising him of his right to remain silent. See State v. Hall, 537 So.2d 171 (Fla. 1st DCA 1989). Accordingly, the search and the interrogation were improper, and the fruits thereof should have been suppressed.
ANSTEAD, WALDEN and POLEN, JJ., concur.