SMITH, Judge.
Appellant appeals his conviction for possession of cocaine, contending the trial court should have granted his motion to suppress. We affirm.
Dennis Feehley, an off-duty police officer, was employed as a security guard by the management company of an apartment complex. The company was concerned about excessive burglaries and drug deals occurring on the premises, and Feehley was requested to “keep any persons out of [the apartment complex] that don’t live there.” To facilitate this request, Feehley was given a list of the tenants’ names and their apartment numbers.
While employed as a security guard, Feehley observed appellant walking behind an apartment building at 2:20 A.M. As he approached appellant to ask for identification and inquire about his presence on the premises, appellant went up the stairs toward Apartment 42 in an unusually hurried manner.
Feehley called to appellant and asked him to come down the stairs. Appellant complied and while descending the stairs, dropped a wadded up kleenex on the landing. The kleenex contained a piece of rock cocaine. Subsequent questioning revealed *337 that contrary to appellant’s assertions at first, appellant did not live in the apartment complex. Appellant was arrested and charged with possession of cocaine.
We agree with the state that appellant’s suspicious behavior on private residential property at 2:20 A.M., which property had been the subject of previous burglaries and drug deals, warranted a brief investigatory stop, which produced evidence sufficient for a probable cause arrest. Tamer v. State, 484 So.2d 583, 585 (Fla.1986). Because of our resolution on this point, we do not decide the issue raised by the state, i.e., whether Feehley’s acts should be considered the acts of a private citizen or state action.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.