STONE, Judge.
We affirm appellant’s conviction for possession with intent to sell cocaine. We find no error in the order of the trial court denying a motion to suppress.
While on patrol at 2:30 a.m., Deputy Murphy observed a car containing three men, who appeared to be asleep, parked on an unpaved portion of the parking area of a closed convenience store. The officer knew that the store had been burglarized on several occasions and that the owner did not want persons on the premises after closing. There was testimony that burglars often pretended to be asleep while acting as lookouts. An unobtrusive investigation under these circumstances is not unreasonable. Cf. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497, reh’g. denied, 448 U.S. 908, 100 S.Ct. 3051, 65 L.Ed.2d 1138 (1980); State v. Starke, 550 *1339 So.2d 547 (Fla. 2d DCA 1989); State v. Ecker, 550 So.2d 545 (Fla. 2d DCA 1989); State v. Billingsly, 542 So.2d 444 (Fla. 5th DCA 1989).
The deputy checked the building, saw no apparent damage, and called for a backup. When backup arrived the officers approached the car, one on each side. They discovered that none of the occupants were able to produce any identification.[1] However, the name of the passenger in the rear seat, the defendant, did correspond to the name of the vehicle’s owner as determined by a check of the license tag. The driver of the vehicle told the deputy that they were coming from 1-95, several miles away, and pulled over to rest. The defendant, however, said that they were waiting for a friend who was coming to meet them from Hobe Sound, some fourteen miles away. The deputies’ suspicions grew as the clearly marked Hobe Sound exit was further away than the one they used.
The appellant contends that the officers exceeded their authority by conducting an investigation in the absence of a founded suspicion that he had committed, was committing, or was about to commit a crime. See Kimbrough v. State, 539 So.2d 619 (Fla. 4th DCA 1989); Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). However, the record supports the trial court’s conclusion that the officers had a reasonable founded suspicion, based on these specific, articulable facts and their training and experience, to warrant continuing their investigation. Cresswell v. State, 564 So.2d 480 (Fla.1990); State v. Stevens; McCord v. State, 566 So.2d 336 (Fla. 1st DCA 1990); State v. Cremer, 563 So.2d 817 (Fla. 5th DCA 1990); Freeman v. State, 559 So.2d 295 (Fla. 1st DCA 1990).
Deputy Murphy noticed a knife within reach on the front seat while he was talking to the driver. The officers were concerned for their safety. They asked the passengers to step out of the car while they ran a name check over the radio. There was testimony that the defendant consented to a search of the car for weapons. During the course of the vehicle search a knife was found in the back seat.[2] In looking under that seat, which was loose, Officer Murphy observed a coffee jar. There was testimony that the deputies knew from experience that drug traffickers frequently hid drugs inside coffee containers because the coffee’s aroma masks the drugs’ scent from contraband-sniffing dogs. On picking up the jar, Deputy Murphy saw and recognized that it contained vials of drugs. He then opened the jar.
Appellant argues that the deputies went beyond the scope of a valid search, whether protective or by consent, by looking under the rear seat and removing the jar. See State v. Wells, 539 So.2d 464 (Fla.1989), aff'd, — U.S. -, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990); State v. Fuksman, 468 So.2d 1067 (Fla. 3d DCA 1985). See also Caplan v. State, 531 So.2d 88 (Fla.1988), cert. denied, 489 U.S. 1099, 109 S.Ct. 1577, 103 L.Ed.2d 942 (1989). We need not address the validity of any consent to the search. It was within the trial court’s discretion to conclude that the protective search of the automobile for weapons, even if considered without consent, in the course of the temporary investigation was lawful. See Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); State v. Dilyerd, 467 So.2d 301 (Fla.1985); Stanley v. State, 559 So.2d 460 (Fla. 4th DCA 1990); State v. Gonzalez, 562 So.2d 705 (Fla. 3d DCA 1990). See also Cresswell v. State; State v. Cremer; Freeman v. State. Although nobody made a “furtive movement,” as in Dilyerd, there are sufficient specific articulable facts in the record to support a conclusion that the officers could fear, as reasonably prudent men, that the detained individuals were potentially dangerous considering the totality of the circumstances.
We recognize that the scope of a search under these circumstances is limited *1340 to determining whether a weapon is present and does not extend to opening containers that pose no risk. E.g., Morales v. State, 557 So.2d 893 (Fla. 4th DCA 1990); M.A.H. v. State, 559 So.2d 407 (Fla. 1st DCA 1990). Here, however, the examination of the coffee jar, by picking it up and looking at its contents through the glass, did not constitute an invalid search given the testimony of the officers concerning their reasonable and articulable suspicions as to its contents based on their training and experience. Cf. Cross v. State, 560 So.2d 228 (Fla.1990). We have considered State v. Wells and find nothing in that opinion inconsistent with this result since we are not concerned with the scope of a consent, or with the opening of an innocuous closed container, but with the discovery of contraband in plain view. E.g., Michigan v. Long; Cross v. State; State v. Dilyerd; State v. Stevens.
The ruling of the lower court is before us with a presumption of correctness. Johnson v. State, 438 So.2d 774 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); McNamara v. State, 357 So.2d 410 (Fla.1978). The record supports the trial court’s conclusion that the officers had a reasonable founded suspicion and were in fear for their safety, based on specific and articulable facts, warranting the continuing investigation, temporary detention, and the protective action taken by them, considering the totality of the circumstances. See Michigan v. Long; State v. Dilyerd. See also United States v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989); Cresswell v. State; Cheatem v. State, 416 So.2d 35 (Fla. 4th DCA 1982); State v. Stevens; Freeman v. State.
Therefore, appellant’s conviction is affirmed. However, we reverse and remand for correction of appellant’s sentence adjudicating the defendant guilty of possession of cocaine. The record reflects that the defendant was not adjudicated guilty of that additional offense.
LETTS and DELL, JJ., concur.

. We note that the undisputed testimony concerning a lack of any written identification makes it apparent that the officers were aware of the fact that none of the occupants possessed a driver’s license.

. This may have been the same knife observed in the front seat but moved to the back as the driver exited the vehicle.