WARNER, Judge.
The state appeals an order granting ap-pellee’s motion to suppress cocaine because of the failure to give Miranda warnings prior to the commencement of a search. We reverse, finding that no interrogation occurred prior to the search which would require the giving of the Miranda warnings.
While driving an unmarked vehicle, a detective observed appellee snorting a white powder substance. Appellee was in the vehicle behind the detective, and the officer viewed the activity in her rear-view mirror. She also saw appellee wiping the area around his nose. Appellee and his codefendant then pulled into a parking lot, went into a small business, and upon returning to their ear were confronted by the detective. She asked them to exit the vehicle and ordered appellee to produce the drugs she had seen him use. Appellee complied and from his pocket produced a small baggy containing cannabis and a ziplock baggy containing cocaine. The detective conceded that the men were • not free to leave after she approached them. No Miranda warnings were given prior to the drugs being produced. Both men were then arrested.
Although the trial court did not make a specific finding that the officer had probable cause to arrest appellee, on appeal that issue is not contested. Appellee’s argument is that Miranda warnings are required to be given once a person is in custody before anything else transpires. We reject appellee’s argument as it applies to the facts of this case.
The officer had probable cause to arrest appellant, having viewed him snorting what she believed to be cocaine. Given her experience in this area, the standard for probable cause was met. See Schmitt v. State, 563 So.2d 1095 (Fla. 4th DCA 1990). So long as probable cause existed before a search is conducted, it is immaterial that the search preceded the actual arrest. McNeil v. State, 512 So.2d 1062 (Fla. 4th DCA 1987).
The officer did not interrogate ap-pellee. She simply ordered him to produce the drugs. An order to disclose or produce a concealed object is treated as a search. Wallace v. State, 540 So.2d 254 (Fla. 4th DCA 1989); State v. Oliver, 368 So.2d 1331, 1335 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1200 (Fla.1980). There is no requirement that Miranda warnings precede a search. The purpose of Miranda warnings is to vindicate a suspect’s fifth amendment rights against forced interrogation and sixth amendment rights of counsel. The unlawfulness of a search, on the other hand, is governed by fourth amendment analysis.
Appellee’s citation of State v. Hall, 537 So.2d 171 (Fla. 1st DCA 1989) is unavailing. In that case, under somewhat similar circumstances, the officer, suspecting drug use, asked the defendant what he put under his car seat. When the defendant did not respond, the officer stated that he had been observing him and believed there were drugs in the vehicle. The officer asked defendant whether he had drugs in the car, and the defendant responded affirmatively. Then the officer told the defendant to hand him the drug. The court held that for practical purposes, the defendant was in custody while being questioned by the officer and thus was entitled to Miranda protections. Id. at 173. The easy distinction between Hall and the instant case is that in Hall an interrogation took *207 place between the officer and the defendant which led to the surrendering of the drugs. In this case, the officer asked no questions, thus conducting no custodial interrogation.
We reverse the trial court’s order granting suppression of evidence and remand for further proceedings.
STONE and FARMER, JJ., concur.