ANSTEAD, Judge.
At issue is whether Tucker was in custody and entitled to be advised of his constitutional rights when he made incriminating admissions upon being questioned by the police. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The trial court found that he was not in custody. However, in our view, the law and the facts do not support this conclusion.
Tucker was driving late at night when the police, in an approaching marked police car, made a U-turn, turned on the car’s flashing lights, and stopped Tucker’s vehicle. Tucker was stopped at the direction of two undercover officers who claimed to have observed him speeding earlier in the evening. They also claimed to have observed him stop and participate in a “suspicious” transaction, after the alleged speeding. After being stopped by the first police car, Tucker’s vehicle was immediately surrounded by two other police vehicles, an unmarked van to the side and another marked car to the front. He was approached by four officers, two uniformed and two wearing civilian clothes but with jackets containing a police designation. He was ordered out of his car, and, after being given a warning for speeding, was ordered to open his mouth, raise his tongue and submit to an oral cavity search. Nothing was found in the search of the mouth. Immediately thereafter, and still surround *1363 ed by the police contingent, he was interrogated about the presence of contraband in his car.
In Caso v. State, 524 So.2d 422 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988), the Florida Supreme Court restated the legal test to determine when a person is in custody for Miranda purposes:
As this Court and the United States Supreme Court have previously recognized, “the only relevant inquiry is how a reasonable man in the suspect’s position would have understood his situation.”
524 So.2d at 423 (citations omitted). Under Caso, the test of whether this was a custodial interrogation is how the situation would have appeared to a reasonable person in Tucker’s position. In our view, it would be irrational for a person to feel he was not in custody under these circumstances. There can hardly be a more telling indication of custody than the direction by the police to Tucker to open his mouth and submit to an oral cavity search by flashlight. Tucker was examined in this manner because the officer suspected that Tucker had drugs in his mouth. The interrogation about contraband in the car immediately followed the search of the mouth.
Tucker has cited two factually similar cases that support his position. In State v. Hall, 537 So.2d 171 (Fla. 1st DCA 1989), the defendant and a companion were parked at night in an area known for drug transactions. They were seen exchanging and using a lighter, leading two officers who observed the situation to suspect use of crack cocaine. As they approached the vehicle, the officers observed the defendant reach under his seat. One officer approached and stood by the driver’s door, the other by the passenger’s door, and they directed their flashlights at the defendant. One of them asked what was placed under the seat. Receiving no response, the officer indicated his suspicion of drugs and asked the defendant if drugs were involved. The defendant replied affirmatively, and was ordered to hand over the contraband. The First District approved a trial court holding that the defendant was in custody when questioned.
In Morales v. State, 557 So.2d 893 (Fla. 4th DCA 1990), the police stopped the defendant to give him a warning for speeding. In doing so, they saw him place something under the car seat. Based on concerns for their safety, they ordered Morales out of the vehicle and checked under the seat. They found only a manila envelope, which relieved their safety concerns. Nonetheless, they then opened the envelope and discovered several items of jewelry. They then interrogated Morales about the source of the jewelry. This court held that Morales was in custody for purposes of requiring a Miranda warning.
The holdings in Hall and Morales are predicated on the practical effect of the police actions in asserting authority and control over the detainee. Similarly, there can be little question here that the police had asserted their authority and were firmly in control of Tucker when he was questioned.
Accordingly, we reverse and remand for further proceedings consistent herewith.
DELL, C.J., and HERSEY, J., concur.