SPEISER, MARK A, Associate Judge
dissenting.
I respectfully disagree with the majority’s opinion. Although Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), extended a Terry[1] protective search for weapons to the passenger compartment of a vehicle during a lawful investigatory stop based upon a “reasonable belief,” the circumstances below, including the sequential timing of the search and its purported justification, fail to sustain the action taken. See State v. Webb, 398 So.2d 820 (Fla.1981).
Prior to the search of Goelet’s automobile, Officer Garcia patted Goelet’s person and found no weapons. By this time, Goelet had calmed down and fully cooperated with Garcia. Accordingly, the initial exigencies of the circumstances were no longer present. Thereafter, Garcia determined not to arrest or detain Goelet and allowed him to walk to his vehicle in order to leave the area. Therefore, there were no articulable suspicions that Goelet was armed that would have justified another pat down of his person or a search of his vehicle. See Shaw v. State, 611 So.2d 552 (Fla. 1st DCA 1992); Premo v. State, 610 So.2d 72 (Fla. 2d DCA 1992).
Thus, the only information available to Garcia that Goelet had a weapon was the bar owner’s statement that Goelet “probably” had a gun. However, the mere mention of a gun will not justify an otherwise impermissible stop or frisk. In the Interest of G.A.R., III, 387 So.2d 404, 407 (Fla. 4th DCA 1980). Moreover, Garcia’s own observations, prior to his decision to allow Goelet to leave, undermined rather than substantiated the credibility of the bar owner’s statement that Goelet might have a gun. Finally, the instant case does not present a situation wherein a limited protective search is permitted for an officer’s safety based upon furtive movements within a vehicle suggesting that a weapon is being secreted under a seat. Compare Morales v. State, 557 So.2d 893 (Fla. 4th DCA 1990); Hochstetler v. State, 400 So.2d 974 (Fla. 4th DCA 1981), rev. denied, 413 So.2d 876 (Fla.1982). Accordingly, I find no legal justification for Garcia’s search of Goelet’s automobile. As such, I dissent.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).