706 So.2d 100 (1998)
Jamie BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1142.
District Court of Appeal of Florida, First District.
February 19, 1998.
*101 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
LAWRENCE, Judge.
Jamie M. Butler (Butler) appeals his conviction and sentence, imposed after a jury found him guilty of possession of cocaine and cannabis.[1] Butler raises one issue, the denial of his motion to suppress. We affirm.
Review of a Florida motion to suppress is a mixed question of law and fact, yoked to federal law. Art. I, § 12, Fla. Const.; Perez v. State, 620 So.2d 1256 (Fla. 1993). The standard of review for the trial judge's factual findings is whether competent substantial evidence supports the judge's ruling. Caso v. State, 524 So.2d 422 (Fla.1988). The standard of review for the trial judge's application of the law to the factual findings is de novo. Ornelas v. U.S., 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).
The instant trial judge denied Butler's motion to suppress, finding that Butler consented to be searched. The evidence is as follows. Officer Folsom testified at the suppression hearing:
We went to that area [of a complaint of drug sales], found four people. Like the judge mentioned there, two of them walked off, Mr. Butler and another one stayed.
Detective Goodman, who was working with me that day, walked to the other one. I walked up to Mr. Butler and made contact with him, made small talk about the guys that left must have been the drug dealers, and asked him if he had any narcotics on him. He said he did not. I said, do you mind if I take a look in your pockets? He said no, as in, no I don't mind.
Competent substantial evidence supports the trial judge's finding that Butler consented to be searched. We therefore affirm Butler's judgment and sentence.
KAHN and MICKLE, JJ., concur.
NOTES
[1] Butler committed these crimes on February 12, 1996, in Leon County. The trial judge sentenced Butler on count one to forty months in prison followed by eighteen months of felony drug-offender probation, and to time served on count two.