742 So.2d 466 (1999)
Corrie Deonne CHAMBERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3085.
District Court of Appeal of Florida, Third District.
September 22, 1999.
*467 John H. Lipinski, Hollywood, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before GERSTEN, GODERICH, and GREEN, JJ.

CORRECTED OPINION
GERSTEN, J.
We withdraw the opinion filed June 30, 1999, and substitute the following corrected opinion in its stead.
Appellant, Corrie Chambers ("defendant"), appeals his conviction and sentence for burglary with an assault claiming the trial court erred in denying his motion to suppress and in several other evidentiary rulings. We affirm.
The defendant primarily contends that his confession to a home invasion robbery was not freely and voluntarily made. According to the defendant, he signed a waiver form and provided a tape recorded statement "out of fear" because he was assaulted and threatened by two City of Miami police officers.
At the suppression hearing, the detective who questioned the defendant testified that the defendant: seemed in good spirits, was drinking a soda, and acknowledged verbally and in writing that he understood the orally read Miranda warnings. After voluntarily signing the waiver form, the detective conducted a pre-interview where the defendant stated that he and two accomplices had been involved in the home invasion robbery. The defendant then agreed to make a tape-recorded statement which was played at the suppression hearing.
At the conclusion of the entire hearing, the trial court made the following findings:
I have listened to the testimony of the officer in this case and listened to the testimony of Mr. Chambers. I have also listened to a portion of the tape about, seems to me about if it was nine minutes, I listened to about half of it. During the tape I listened to the demeanor of the question and answer session. It appears to me from the statement that Mr. Chambers is supplying the police with information that they did not know, unless there was a handwritten script, which it does not appear to me neither side raised the fact that there was a script written out for Mr. Chambers.
It appears he gave information. When asked who had the guns, he knew David had the guns.
When asked about something he refers to someone named Brown. I think that is a nickname because there is no one in the Indictment named Brown. So, apparently he is referring to one of his co-defendants by a nickname.
It is clearly apparent by the demeanor and content of the tape itself, that he is *468 supplying the police with information they could not have known unless he supplied it.
I find in terms of credibility that I do not believe the defendant was forced, beaten, et cetera. I believe this was a free and voluntary statement and it is admissible.
It is well established that once the State has made a prima facie showing of the voluntariness of a confession, the burden of proof then shifts to the defendant to show that the confession was not voluntary. See Reddish v. State, 167 So.2d 858 (Fla.1964); Snipes v. State, 651 So.2d 108 (Fla. 2d DCA 1995). Moreover, a trial court's ruling on the voluntariness of a confession will not be overturned unless clearly erroneous. See Bonifay v. State, 626 So.2d 1310 (Fla.1993); Thompson v. State, 548 So.2d 198 (Fla.1989).
Here, the trial judge looked at the totality of the circumstances and determined that the confession was the result of the defendant's free and volitional choice. See Johnson v. State, 696 So.2d 326 (Fla.1997); Traylor v. State, 596 So.2d 957 (Fla.1992); Nelson v. State, 688 So.2d 971 (Fla. 4th DCA 1997). The trial judge's well reasoned decision is amply supported by the record and we determine that the motion to suppress was properly denied. See Butler v. State, 706 So.2d 100 (Fla. 1st DCA 1998). Because the defendant's remaining contentions equally lack merit, we affirm the order below in all respects.
Affirmed.