782 So.2d 461 (2001)
Deyante FOWLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1145.
District Court of Appeal of Florida, Second District.
March 21, 2001.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant *462 Attorney General, Tampa, for Appellee.
FULMER, Judge.
Deyante Fowler pleaded no contest to the charge of possession of cocaine with intent to sell, reserving the right to appeal the denial of his motion to suppress evidence. We reverse the judgment and direct the trial court to grant the motion to suppress because we conclude that Fowler was in custody and was entitled to Miranda[1] warnings when he was questioned by the police during a traffic stop.
Officer Tinsley initiated a traffic stop of Fowler's vehicle, which had a broken tail lamp. The officer told Fowler why he was stopped and requested Fowler's license, registration, and insurance card. While running the license information through the computer, Officer Tinsley was advised by the dispatcher that the police had received calls about Fowler selling drugs in the parks. Officer Tinsley then directed Fowler to step out of the vehicle because, as he testified, he wanted to ask Fowler a question.
Two other officers had arrived to provide back up. At the rear of the vehicle, Officer Tinsley told Fowler that he heard he had been selling drugs in the parks and asked if he had anything on him. Fowler responded, "Yes." Officer Tinsley said, "You want to give it to me?" Fowler reached in his pocket and gave the officer a container of rock cocaine. Officer Tinsley then read Fowler his Miranda warnings. According to the officer, Fowler was not free to leave from the time the officer received information from the dispatcher.
Generally, the relevant inquiry for determining whether a suspect is in custody for purposes of Miranda is how a reasonable person in the suspect's position would have understood their situation. See Tucker v. State, 622 So.2d 1362, 1363 (Fla. 4th DCA 1993). While a temporary detention upon founded suspicion of criminal activity does not always require Miranda warnings, "when a citizen so detained is thereafter subjected to `treatment that renders him "in custody" for practical purposes, he will be entitled to the full panoply of protections prescribed by Miranda.'" State v. Hall, 537 So.2d 171, 172 (Fla. 1st DCA 1989) (quoting Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)).
Here, the testimony of Officer Tinsley indicated that Fowler was subjected to custodial interrogation and he handed over the drugs in acquiescence to the officer's authority. Therefore, the failure to give Miranda warnings renders inadmissible the evidence obtained through the interrogation. See Hall, 537 So.2d at 172-73; Morales v. State, 557 So.2d 893 (Fla. 4th DCA 1990). Accordingly, we reverse the judgment and remand for the trial court to grant the motion to suppress.
Reversed and remanded with directions.
BLUE, A.C.J., and DAVIS, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).