DAVIS, Judge.
The State challenges the circuit court order granting Frank Rio’s motion to suppress evidence seized from him during a traffic stop of a vehicle in which he was a passenger. We reverse.
Rio was the passenger in a car that was stopped by a trooper for speeding and erratic driving. Upon the trooper’s request, the driver consented to a search of the vehicle. The trooper then asked Rio to exit the car. Upon noticing a bulge in Rio’s waistband, the trooper told Rio that he could see something in his pants and asked him if there was “anything illegal on his possession.” Rio responded by nodding his head and placing his hands on the side of the car. The trooper then reached inside Rio’s pants for the bulge and removed a purple Crown Royal bag. A scale was protruding through the opening in the bag, and the odor of marijuana was emanating from the bag. Based on the odor, the trooper opened the bag and discovered a baggie of marijuana, two baggies of cocaine, and a baggie of heroin.
*405 Rio moved to suppress the evidence on the grounds that he was unlawfully detained and that he should have been given Miranda[1] warnings before being asked if he had anything illegal on him. Although the trial court found that the detention of Rio during the search of the vehicle was proper, it also found that based on this court’s opinion in Fowler v. State, 782 So.2d 461 (Fla. 2d DCA 2001), the trooper was required to give Rio Miranda warnings prior to questioning him about the bulge in his pants. The State now appeals, arguing that Rio was not “in custody” and that therefore Miranda was not required.
This court has held that an officer conducting a traffic stop may request permission to search the vehicle and detain all the occupants until that search is completed. See State v. Cromatie, 668 So.2d 1075 (Fla. 2d DCA 1996). Accordingly, Rio was properly detained once the driver of the car consented to the search.
However, the trial court’s reliance on Fowler was misplaced. In Fowler, the appellant was stopped for a broken taillight. When the officer ran a computer check of Fowler’s license, he was informed by the dispatcher that complaints had been made that Fowler was selling drugs in the park. The officer then directed Fowler out of the car for questioning. The officer told Fowler that Fowler was suspected of selling drugs in the park and asked him if he had anything on him. When Fowler said yes, the officer asked, “You want to give it to me?” Fowler took a container of rock cocaine out of his pocket and gave it to the officer. This court held that this encounter amounted to custodial interrogation and that Fowler was entitled to his Miranda warning prior to being questioned. ‘While a temporary detention upon founded suspicion of criminal activity does not always require Miranda warnings, ‘when a citizen so detained is thereafter subjected to “treatment that renders him ‘in custody’ for practical purposes, he will be entitled to the panoply of protections prescribed by Miranda.” ’ ” Fowler, 782 So.2d at 462 (citations omitted). This court concluded that Fowler was “subjected to custodial interrogation” and acquiesced to the officer’s authority by handing over the drugs. Since he was in custody, the absence of Miranda warnings rendered the evidence inadmissible. Id.
In contrast, the question posed to Rio was the result of the officer’s visual observation made at that time and was not intended to gather information about specific accusations of other offenses. Here, there was no custodial investigation of a crime. What took place after the initial detention was not treatment that rendered him in custody for practical purposes, but rather was a response to the trooper’s observation of the bulge in the waistband of Rio’s pants. Thinking that it might be a weapon, the trooper asked the question that led Rio to nod his head in the affirmative and place his hands on the car. Factually, this is distinguishable from Fowler, and the trial court erred in granting the motion to suppress.
Finally, although Rio argues that once the Crown Royal bag was discovered it was improper for the officer to open it, we conclude that the odor of marijuana emanating from the bag provided probable cause to open the bag. Cf. State v. Betz, 815 So.2d 627 (Fla.2002) (holding that odor of marijuana emanating from open car window provided probable cause for officer to search entire car).
*406 Accordingly, we reverse the trial court’s order suppressing the evidence and remand for further proceedings.
SALCINES and COVINGTON, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).