892 So.2d 1071 (2004)
STATE of Florida, Appellant,
v.
Joseph Franklin POSTER, Appellee.
No. 2D03-4525.
District Court of Appeal of Florida, Second District.
October 22, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellant.
Randall G. Blankenship, Winter Haven, for Appellee.
STRINGER, Judge.
The State appeals the trial court's order granting Poster's motion to suppress evidence on the ground that he was subjected to a custodial interrogation without benefit of Miranda[1] warnings. Because we conclude that he was not in custody, we reverse.
Polk County Sheriff's Deputy Stephenson received information from a reliable confidential source that Poster was going to deliver up to a half pound of methamphetamine to a certain Frostproof residence in a red Chevrolet S-10 pickup truck. Deputy Stephenson knew Poster; *1072 they had spoken on a few occasions about other matters. Deputies Stephenson and Grice waited nearby in their unmarked vehicles. They received a call that Poster was on his way, and about twenty minutes later, Poster drove by. They initiated a stop and activated emergency lights. Poster stopped immediately, exited his car, walked back to Deputy Stephenson, and began discussing an earlier topic of a conversation between them.
By this time, Deputy Stephenson had also exited his vehicle. Although he was in uniform, he did not use his PA system to address Poster. He did not use a confrontational tone of voice, and he had not ordered Poster out of the truck. While Poster was engaged in a casual discussion with him, Deputy Stephenson asked Poster if he was in possession of methamphetamine. Poster leaned towards the officer and, in a confidential tone, answered that he had a little bit. The deputy then asked him how much was a little bit, and Poster stated that he had a little over an ounce and that it was in the back of the truck. Deputy Grice remained with Poster while Deputy Stephenson walked over to the back of the truck where he observed a Hardee's bag stuffed with sandwich wrappers. The officer testified that Poster was not free to leave. Armed with probable cause that Poster was involved in a criminal activity, he did not ask for permission to search the truck, but simply retrieved the bag. The bag contained two ounces of methamphetamine.
The defense stipulated to a valid investigatory stop, but contended that Poster was subjected to a custodial interrogation without being informed of his Miranda rights. The court granted Poster's motion to suppress based on its conclusion that the manner of the stop and the officer's acknowledgment that Poster was not free to leave would lead a reasonable person to believe that he was not free to leave, thereby triggering his entitlement to Miranda warnings before questioning.
A trial court's ruling on a motion to suppress involves a mixed question of law and fact. Butler v. State, 706 So.2d 100, 101 (Fla. 1st DCA 1998). The appellate court reviews for competent, substantial evidence the trial judge's factual findings and reviews de novo the application of the law to the factual findings. Id.
A temporary detention upon founded suspicion of criminal activity does not always require Miranda warnings. Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). The officers' stop of Poster is akin to the Terry stop of a suspected money launderer in United States v. Acosta, 363 F.3d 1141 (11th Cir.2004), where the court found guidance in the Berkemer decision: "Instead of asking whether a suspect reasonably would feel free to leave, the Berkemer Court instead said the question should be `whether a traffic stop exerts upon a detained person pressures that sufficiently impair his free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights.'" Acosta, 363 F.3d at 1149 (citing Berkemer, 468 U.S. at 437). In other words, the relevant inquiry is how a reasonable person in the suspect's position would understand the situation. State v. Hall, 537 So.2d 171, 172 (Fla. 1st DCA 1989).
In this case, Deputy Stephenson activated his overhead lights and conducted a stop of Poster. Poster was not ordered to exit his truck, but jumped out to approach the deputy. Poster initiated conversation with Deputy Stephenson about previous encounters. The conversation was very casual because the deputy knew Poster. As they were talking, the deputy interrupted and asked Poster if he had any methamphetamine. The deputy testified *1073 that he used a normal tone of voice during their conversation. His style was not confrontational. The entire exchange comprised two or three questions; it was not a long, drawn-out interrogation. The deputies were in uniform, but they never brandished a firearm. There is no record of any display of police authority except for the use of overhead lights, and Poster's conduct demonstrated that he did not believe that he was at the mercy of the law enforcement officers.
We distinguish the present scenario from the facts in Fowler, 782 So.2d 461 (Fla. 2d DCA 2001), upon which the trial court relied. Unlike the present case, the officer in Fowler directed the detainee to exit his vehicle because he wanted to ask a question. There were three officers present at the scene. The officer assumed a position at the rear of Fowler's vehicle before telling him that he heard that he had been selling drugs in the park and asking him if he had anything on him. Fowler responded affirmatively, and the officer asked for the drugs.
In contrast, the atmosphere in the present case was not coercive, and Poster's response was entirely voluntary based upon his familiarity with Deputy Stephenson. The deputy did not confront Poster with the information he had received. Neither did the officers command him to place his hands against the car or demonstrate any other procedure consistent with being taken into custody. In making the stop, the deputies did not assume a tactical strategy in their approach. Cf. State v. Hall, 537 So.2d 171, 172 (Fla. 1st DCA 1989) (affirming suppression of evidence where officers, suspecting vehicle occupants to be using crack cocaine, conducted a traffic stop and approached vehicle, one on each side, shined flashlight into occupants' eyes, and asked what had been placed under the seat as they approached).
Poster's actions and demeanor demonstrated that he did not perceive that he was in custody. Accordingly, we reverse the order granting the motion to suppress and remand the case for further proceedings.
ALTENBERND, C.J., and FULMER, J., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).