920 So.2d 1156 (2006)
STATE of Florida, Appellant,
v.
Benjamin H. JOHNS, Appellee.
No. 2D04-4007.
District Court of Appeal of Florida, Second District.
February 3, 2006.
*1157 Charles J. Crist, Jr., Attorney General, Tallahassee, and Amanda Lea Colon, Assistant Attorney General, Tampa, for Appellant.
Norman S. Cannella of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellee.
FULMER, Chief Judge.
Benjamin Johns moved to suppress cocaine found on his person during a traffic stop for an expired license tag. The State appeals the trial court's order granting Johns' motion. Because the trial court's findings are not supported by the record, we reverse and remand for further proceedings.
Hillsborough County Sheriff's Deputy Frank Capitano stopped Johns after a computer check showed that the car Johns was driving had an expired license tag. According to Deputy Capitano's testimony, Johns exited his car as soon as he brought it to a stop on the roadside. The deputy testified that based on his experience, something is often "not right" when a stopped person immediately steps out of a car; potential concerns include the possibility that the person has a weapon. Consistent with his usual practice in such situations, Deputy Capitano asked Johns whether he had anything illegal on his person or in the car that the deputy "needed to know about." Johns replied, "No, I do not." Deputy Capitano then asked, "[D]o you mind if I look." Johns replied, "[N]ot at all," and held his hands up, a gesture the deputy interpreted as meaning "go ahead." Deputy Capitano found a cigar wrapper containing two small pieces of rock cocaine in Johns' change pocket and arrested him. The deputy testified that his contact with Johns, up through the discovery of the cocaine, lasted about a minute and a half. Deputy Capitano was the only witness to testify at the suppression hearing.
Johns moved to suppress the cocaine on the basis that he consented to the search because he believed he had no choice but to consent. In granting the motion, the trial court concluded that the traffic stop was valid but the search was unlawful "based on the fact that the purpose of the stop ended after Deputy F. Capitano decided not to issue Defendant a citation, Deputy F. Capitano did not believe he was in danger, Defendant was not free to leave, and there was no justification to search Defendant." The trial court did not address Johns' contention that his consent was not voluntary.
A trial court's ruling on a motion to suppress involves a mixed question of law and fact. State v. Poster, 892 So.2d 1071, 1072 (Fla. 2d DCA 2004). Factual findings are entitled to deference, State v. Christman, 838 So.2d 1189, 1191 (Fla. 2d DCA 2003), and reversal is possible "only if the findings are not supported by competent, substantial evidence," Parker v. State, 873 So.2d 270, 279 (Fla.2004). The trial court's conclusions of law, however, are reviewed de novo. Poster, 892 So.2d at 1072.
We agree with the trial court's conclusion that Deputy Capitano was initially justified in stopping Johns for an expired license tag. See Cresswell v. State, 564 So.2d 480, 481 (Fla.1990) (noting that "a law enforcement officer is clearly entitled to stop a vehicle for a traffic violation"); *1158 Palmer v. State, 753 So.2d 679, 680 (Fla. 2d DCA 2000) (finding that officer was justified in stopping defendant because of a possibly expired temporary tag). However, we can locate no evidence in the record to support the court's finding that, prior to the search, Deputy Capitano decided not to issue Johns a citation for an expired tag. As noted previously, Deputy Capitano testified that his entire contact with Johns up to the discovery of the cocaine lasted about a minute and a half. According to the deputy, the events transpired so quickly once Johns stepped out of the car that the deputy simply had no opportunity to commence his investigation of the expired tag. Deputy Capitano never testified that he decided not to issue Johns a citation. Therefore, contrary to the trial court's finding, the undisputed testimony shows that the traffic stop was still under way during the deputy's brief dialogue with and search of Johns.
As a general rule, a law enforcement officer may validly ask for consent to search during a legal traffic stop. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). No objective justification or reasonable suspicion is required. See Watts v. State, 788 So.2d 1040, 1042-43 (Fla. 2d DCA 2001) ("[A]n officer need not have a reasonable or founded suspicion of criminal activity before seeking consent to search."). Furthermore, even if the purpose of the traffic stop has been completed, the detention may continue if the driver has freely given consent to a search of himself or the vehicle. See State v. Cromatie, 668 So.2d 1075 (Fla. 2d DCA 1996).
In its order, the trial court cited to Hoover v. State, 880 So.2d 710 (Fla. 5th DCA 2004), and Palmer v. State, 753 So.2d 679, 680 (Fla. 2d DCA 2000). Neither of these cases involve a consent search. Rather, both involve an illegal, continued detention after the justification for the initial stop had ended. As such, they have no application to the facts of this case, which does not involve a continued detention.
We therefore reverse. Because the trial court did not address the issue of whether Johns' consent was voluntary, we remand for further consideration of the motion to suppress.
Reversed and remanded for further proceedings.
STRINGER and CANADY, JJ., Concur.