944 So.2d 399 (2006)
STATE of Florida, Appellant,
v.
Patrick James HACKETT, Appellee.
No. 4D05-2798.
District Court of Appeal of Florida, Fourth District.
October 11, 2006.
Rehearing Denied January 16, 2007.
*400 Charles J. Crist, Jr., Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellant.
Cory S. Robins of Law Office of Cory S. Robins, P.A., Hollywood, for appellee.
FARMER, J.
After stopping a vehicle with a driver and two passengers, the officer issued a notice of civil traffic infraction. The purpose of the stop having been entirely fulfilled at that point, the officer nevertheless sought to lengthen the encounter by seeking permission to search the vehicle which the driver extended. When the officer found a crack cocaine pipe, he arrested the driver for criminal possession of drug paraphernalia. He determined at that point that the two passengers were not free to leave his presence and go about their business. Continuing his search, he found a bag of cocaine. Without cautioning his suspects in the manner that has become de rigueur since Miranda, he interrogated them as to whose bag it was. Defendant confessed it was his, and he was also arrested, but for possession of cocaine.
In due course defendant moved to suppress his confession. Hearing all of the above through testimony of the officer, the trial judge agreed that the confession had been obtained in violation of Miranda. The judge explained:
"After the traffic citation was issued, the three occupants were free to leave. [The officer] asked for consent from the driver to search the vehicle. The driver consented. Defendant and the other occupant were asked to step outside the vehicle, while the search was being conducted. . . . During the search of the vehicle drug paraphernalia was found between the seat and the center console. The driver was arrested. Thereafter, the defendant and the other occupants were no longer free to leave. [The officer] was now conducting a criminal investigation. [The officer] asked all occupants of the vehicle collectively if a bag found in the car belonged to any of them. Defendant identified the bag as his. . . . No Miranda warnings were given to Defendant. . . . The Court finds that based on the totality of the circumstances the Defendant was in custody for purpose of Miranda."
His order suppressed the confession but not the drugs.
There was testimony to support each of the above statements. In particular, the officer testified that once he found *401 the paraphernalia the occupants were no longer free to leave. At that point he was conducting a criminal investigation. In reviewing orders suppressing evidence in criminal cases, we are required to defer to the trial judge's resolution of facts and apply the law to those findings de novo. State v. Rabb, 920 So.2d 1175, 1180 (Fla. 4th DCA 2006) ("standard of review . . . [for] a motion to suppress evidence requires that this Court defer to the trial court's factual findings but review legal conclusions de novo") (quoting Backus v. State, 864 So.2d 1158, 1159 (Fla. 4th DCA 2003)).
In suppressing the confession the trial judge relied on Pollard v. State, 780 So.2d 1015 (Fla. 4th DCA 2001), where Judge Polen explained:
"The supreme court has clarified that Miranda warnings need to be given only when the person is in custody. Ramirez v. State, 739 So.2d 568 (Fla.1999), cert. denied, 528 U.S. 1131 [120 S.Ct. 970, 145 L.Ed.2d 841] (2000). When determining if a defendant is in custody for purposes of Miranda, the test is whether `a reasonable person placed in the same position would believe that his or her freedom of action was curtailed to a degree associated with actual arrest.' Id. at 573. To determine whether a reasonable person in the suspect's position would consider himself in custody, the court should consider:
(1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; (4) whether the suspect is informed that he or she is free to leave the place of questioning.

Id. at 574 (emphasis supplied)."
780 So.2d at 1017. It was only after duly considering the above that the trial court concluded under the totality of circumstances that defendant was in custody for purposes of Miranda.
In Pollard it is true that the interrogation took place at the police station, and in this case it occurred in or about a stopped vehicle. Under the totality of circumstances requirement, however, that single fact is not dispositive. Vieth v. Jubelirer, 541 U.S. 267, 291, 124 S.Ct. 1769, 158 L.Ed.2d 546 (2004) (the "totality-of-the-circumstances" means that "all conceivable factors, none of which is dispositive, are weighed with an eye to ascertaining [the issue in question]."). As the court explained in State v. Hall, 537 So.2d 171, 172 (Fla. 1st DCA 1989):
"Not every encounter between a law enforcement officer and a citizen is of such magnitude as to constitute a seizure or detention impacting constitutional protections. And a temporary detention upon founded suspicion of criminal activity does not always require Miranda warnings. Like routine traffic stops, these brief encounters generally do not involve the coercive atmosphere of a full custodial interrogation. However, when a citizen so detained is thereafter subjected to `treatment that renders him "in custody" for practical purposes, he will be entitled to the full panoply of protections prescribed by Miranda.'" [c.o.]
The circumstances in Hall bear an undeniable affinity with those in this case. Officers there had been watching a parked vehicle in which they noticed a lighter being lit for extended periods. Suspecting the use of crack cocaine, they approached the vehicle and began questioning the two occupants. They told the two men that they believed there were drugs in the car. One officer asked the defendant whether *402 there were such drugs, and he confessed that there were. The officer asked to have the drugs, and defendant handed them to the officer. In suppressing the evidence, the trial court found that defendant had been subjected to a custodial interrogation without proper cautioning. The failure to administer Miranda warnings required the suppression of the confession. Approving the trial court decision, the First District said:
"The court found that the circumstances under which the officer questioned [defendant] were such that [defendant] was not free and would not rationally believe that he could leave the scene. . . . [T]his is the relevant inquiry how a reasonable person in the suspect's position would understand the situation. . . . The record supports the court's determination that for practical purposes [defendant] was in custody while being questioned by the officers. [The defendant] was thus entitled to the full range of Miranda protections."
Id.
Here the trial judge also focused on the relevant inquiry. From the point of the discovery of the crack cocaine pipe, the officer here was in the same circumstances as the officers in Hall who had observed the use of paraphernalia. During his examination at the suppression hearing, the officer admitted that after he found the paraphernalia no one was free to leave, that he was effectually conducting a criminal investigation.[1] In fact, not only did defendant perceive that he was not free to leave, but the officer candidly admitted that critically relevant fact. We are unable to fault the trial court's analysis in any way.
Affirmed.
POLEN, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would reverse.
This opinion essentially holds that passengers asked to step outside a vehicle to facilitate a consent search are deemed to be "in custody," for application of Miranda purposes, because the deputy had arrested the driver and believed that the passengers were not free to leave.
In my judgment, Miranda is not applicable here because Hackett was not in custody and was not responding to custodial interrogation when he identified the bag as his own. See Rhode Island v. Innis, 446 U.S. 291, 302, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); Correll v. State, 523 So.2d 562 (Fla.1988).
Although I do not dispute the statement of applicable law in Pollard, I would deem both Pollard and Hall, factually distinguishable. In Pollard, the defendant was the suspect, and was so advised. She was stopped, placed in a police car, taken to the station, and questioned in a limited access interrogation room, without advising her of her rights. In Hall, the defendant was subjected to custodial interrogation when the police approached and ordered that he hand over suspected contraband, which they had seen him place under his vehicle seat.
Here, the sole subject of suppression was Hackett's statement acknowledging the bag was his, in response to the deputy's *403 inquiry of the driver and two passengers, collectively, "to whom does the bag belong?" At that point, there was nothing in the record focusing criminal attention on Hackett or the other passengers and no reason to believe that the bag belonged to Hackett or contained contraband. There is also nothing in the record indicating that the deputy's subjective opinion, that they were not free to leave, was ever communicated to the passengers; they were simply supposed to glean this from being asked to step out for the search and their possible awareness that the driver was arrested.
There is also no evidence indicating that the officer's inquiry was somehow designed to elicit an incriminating response from the passengers. The only criminal act uncovered was the driver's possession of the pipe, and there was no reasonable cause to believe that the passengers were engaged in any criminal activity.
I would, therefore, reverse the suppression of the statement in question.
NOTES
[1] The dissent is mistaken in characterizing our decision as a categorical holding that passengers directed to leave the vehicle are necessarily in custody. To the contrary, we have simply found no error in the trial court's application of the totality-of-circumstances standard.