STONE, J.
The state appeals the trial court’s order granting Nash’s motion to suppress. We reverse.
Nash was cited for leaving an unattended vehicle’s motor running while in a convenience store parking lot. After the citation was issued, the officer asked Nash for consent to search his person for weapons and/or narcotics, to which Nash responded, “I have nothing, go right ahead.” The officer then performed a pat-down search. During the search, he removed a cigarette box from Nash’s pocket which contained cocaine.
In granting the motion to suppress, the court found, in part, that “[t]he police officer decided that after his business with Mr. Nash was over, to go further and ask for consent to search his body without any reasonable suspicion or any need for safety concerns.” The court did not address the voluntariness or the scope of the consent.
We review a trial court’s legal conclusions de novo. State v. R.H., 900 So.2d 689, 691 (Fla. 4th DCA 2005).
“As a general rule, a law enforcement officer may validly ask for consent to search during a legal traffic stop. No objective justification or reasonable suspicion is required. Furthermore, even if the purpose of the traffic stop has been completed, the detention may continue if the driver has freely given consent to a search of himself or the vehicle.” State v. Johns, 920 So.2d 1156, 1158 (Fla. 2d DCA 2006) (internal citations omitted).
Here, the trial court ruled incorrectly, as a matter of law, that the officer could not ask Nash for consent to search his body *1267 after the citation was given without a showing of reasonable suspicion or concern for officer safety.
As the trial court did not reach the issue of the voluntariness or scope of the consent, we remand for further consideration of Nash’s motion to suppress. See Johns, 920 So.2d at 1158.
FARMER and MAY, JJ., concur.