PER CURIAM.
The State appeals the trial court’s order granting Hernando Pelecio Clarke’s motion to suppress. Because the trial court erred when it concluded that the law enforcement officer did not have probable cause to stop Clarke, an issue not contested below, we reverse and remand for consideration of the actual issues raised by the parties.[1] See State v. Johns, 920 So.2d 1156, 1158 (Fla. 2d DCA 2006) (reversing order granting motion to suppress, but remanding for further consideration because the trial court did not address whether the defendant’s consent was voluntary).
REVERSED and REMANDED.
ORFINGER, BERGER and WALLIS, JJ., concur.

. The trial court's ruling that the initial stop was not warranted is erroneous as a matter of law, and not supported by its own findings of fact. See State v. Lee, 957 So.2d 76, 79 (Fla. 5th DCA 2007) ("[T]he decision to stop an automobile is reasonable for purposes of the Fourth Amendment where the police have probable cause to believe that a traffic violation has occurred." (citing Whren v. United States, 517 U.S. 806, 809-10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) and Holland v. State, 696 So.2d 757, 759 (Fla.1997))); see also State v. Rodriguez, 904 So.2d 594, 598 (Fla. 5th DCA 2005) (“A stop may be justified even in the absence of a traffic infraction when the vehicle is being operated in an unusual manner.”).