NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                    )
                                     )
            Appellant,          )
                                     )
v.                                   )          Case No.  2D15-2734
                                     )
M.C.,                                )
                                     )
            Appellee.           )
_____ )

Opinion filed February 10, 2017.

Appeal from the Circuit Court for
Hillsborough County; Ralph C. Stoddard,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa, for
Appellant.

Howard L. Dimmig, II, Public Defender, and
Joanna Beth Conner, Assistant Public
Defender, Bartow, for Appellee.


LaROSE, Judge.

        The State appeals the trial court's order granting a motion for judgment of

dismissal that was premised on the granting of a dispositive motion to suppress

statements.  The State argues that M.C. was not in custody or interrogated when she

gave statements to a law enforcement officer.  Thus, the State contends, the officer was

not required to give M.C. Miranda warnings.[1]  We have jurisdiction, see Fla. R. App. P. 9.140(c)(1)(A), and reverse.

## Facts

Officers Woehlk and Zeigler responded to an unrelated call at a group home where M.C. lived.  While there, they learned that M.C. was on juvenile probation and out past her curfew.  After leaving the group home, the officers drove down the street in their marked police vehicle.  A few houses down the street, they saw M.C. and another girl sitting in the driveway.  Officer Woehlk exited his vehicle, approached the girls, and engaged them in conversation.  He was a few feet away from M.C. and saw a purse on the ground next to her.  He spied contraband.  His police report recounted that he "clearly observed a small bag of marijuana inside the open purse."  It is unclear if M.C. knew that the officer spotted the contraband.  Officer Woehlk asked M.C., "Whose purse is this?"  M.C. admitted that it was hers.  According to Officer Woehlk, M.C. was not free to leave after he spotted the contraband.

M.C. moved to suppress the evidence because she was subjected to custodial interrogation without the benefit of Miranda warnings.  The trial court agreed with M.C.  The trial court granted the motion to suppress and dismissed the charges of possession of cannabis.

## Standard of Review

"When reviewing a motion to suppress, the trial court's factual findings must be affirmed if supported by competent, substantial evidence, while the trial court's

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

application of the law to those facts is reviewed de novo." State v. Kennon, 901 So. 2d 375, 376 (Fla. 2d DCA 2005) (citation omitted).

Analysis

"Failure to provide the Miranda warnings prior to custodial interrogation generally requires exclusion from trial of any post-custody statements given." State v. McAdams, 193 So. 3d 824, 833 (Fla. 2016). To determine whether a person is in custody, courts consider: "(1) the manner in which police have summoned the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect was confronted with evidence of guilt; and (4) whether the suspect was informed of a right to leave the place of questioning." Hewitt v. State, 920 So. 2d 802, 804 (Fla. 5th DCA 2006). "Although the four factors provide the structure of our analysis, the ultimate inquiry is twofold: (1) the 'circumstances surrounding the investigation;' and (2) 'given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave.' " Ross v. State, 45 So. 3d 403, 415 (Fla. 2010) (quoting Yarborough v. Alvarado, 541 U.S. 652, 663 (2004)); see also Ramirez v. State, 739 So. 2d 568, 574 (Fla. 1999); Fowler v. State, 782 So. 2d 461 (Fla. 2d DCA 2001) ("[T]he relevant inquiry for determining whether a suspect is in custody for purposes of Miranda is how a reasonable person in the suspect's position would have understood their situation.").

The State argues that a reasonable person in M.C.'s position would not believe she would be arrested. Because M.C. is a juvenile, however, the reasonable person standard is how a juvenile in her position would view the situation. Ramirez, 739 So. 2d at 577; State v. S.L.W., 465 So. 2d 1231, 1232 (Fla. 1985) (holding that totality of the circumstances surrounding the interrogations "includes evaluation of the

juvenile's age, experience, education, background, and intelligence" (quoting Fare v. Michael C., 442 U.S. 707, 725 (1979))).

When we examine our decision in Fowler, 782 So. 2d 461, it is clear why we conclude that M.C. was not in custody. In Fowler, an officer stopped a car with a broken tail light. The officer told Fowler why he had been stopped. When running Fowler's driver's information, the officer learned that Fowler was suspected of selling drugs. The officer returned to Fowler and directed him to step out. Two back-up officers arrived. The officer told Fowler that he heard Fowler had been selling drugs at the park and asked him if he had drugs on him. After Fowler responded, the officer read him his Miranda warnings. As in this case, the officer stated that "Fowler was not free to leave from the time the officer received information from the dispatcher." We held that Fowler was subjected to custodial interrogation, and should have been given Miranda warnings prior to questioning. Fowler, 782 So. 2d at 462.

Unlike Fowler, there is no evidence, here, suggesting that M.C. was in custody when Officer Woehlk asked her about the purse. The officers did not activate the lights or siren of their vehicle. They withdrew no weapons from their holsters. They never issued any commands or directions to M.C. M.C. was sixteen years old and was in foster care. She had prior experience with the juvenile justice system. Although beyond her curfew, M.C. was merely sitting in the driveway with her friend. Officer Woehlk walked up to the girls and began talking to them. He did not impede M.C.'s ability to leave. Nor did he confront her with any evidence of guilt. He simply asked about the purse on the ground. The fact that M.C. might be in violation of her probation is of no moment when there was no evidence that she was confronted with that fact.

- 4 -

In Davis v. State, 698 So. 2d 1182, 1188 (Fla. 1997), the supreme court held that even though the "police had a warrant for Davis's arrest at the time he went to the station," that fact does not conclusively establish that he was in custody. "Rather there must exist a 'restraint on freedom of movement of the degree associated with a formal arrest.' " Id. (quoting Roman v. State, 475 So. 2d 1228, 1231 (Fla. 1985)). Moreover, although Officer Woehlk testified that he did not believe M.C. was free to leave, "[t]he proper inquiry is not the unarticulated plan of the police, but rather how a reasonable person in [M.C.'s] position would have perceived the situation." See Davis 698 So. 2d at 1188. We are unable to conclude that a reasonable person in M.C.'s position would not believe that she was free to leave.

Further, the State argues that even if M.C. was in custody, the officer was not interrogating her, unlike the situation in Fowler. "Interrogation takes place . . . when a person is subjected to express questions, or other words or actions, by a state agent that a reasonable person would conclude are designed to lead to an incriminating response." Traylor v. State, 596 So. 2d 957, 966 n.17 (Fla. 1992). The officer simply asked M.C. whose purse was on the ground. Such an innocuous inquiry, absent evidence that M.C. realized the officer had seen the small bag of marijuana in the purse, would not lead a reasonable person to conclude the officer intended to elicit an incriminating response.

## Conclusion

We reverse the trial court's order of dismissal and remand for further proceedings.

Reversed and remanded.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.