MINER, J.
We have for review a dispositive order by the trial court denying appellant’s motion to suppress evidence obtained during a search and seizure. Because we find that the search of appellant was illegal, we reverse the order on appeal.
Appellant, Donald Gilchrist, was stopped for speeding during the early morning hours on August 22, 1998 by Pensacola Police Officer Bryan Miller. While Officer Miller was conversing with appellant, Sgt. Wilkinson of the Pensacola Police Department . arrived and began speaking with a passenger on the passenger’s side of appellant’s vehicle.
After checking appellant’s driver’s license and vehicle registration, Officer Miller wrote out and handed appellant a ticket for speeding after which he asked appellant to step out of the automobile. When appellant willingly submitted to a search of his person, Office Miller found a baggy of powdered cocaine in Mr. Gilchrist’s wallet. During the encounter described above, Sgt. Wilkinson was conversing with appellant’s passenger who apparently gave the officer a false name and who was later arrested for resisting arrest without violence.[1] -
In connection with his search of appellant, Officer Miller candidly admitted during the suppression hearing that he had no reasonable suspicion that appellant had done anything wrong other than driving at an excessive rate of speed. He stated that curiosity prompted him to ask appellant to step out of his car after he had handed appellant the traffic citation. An officer may ask a driver to exit his vehicle during a lawful traffic stop because police safety far outweighs the minimal intrusion on the driver. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); Hines v. State, 737 So.2d 1182 (Fla. 1st DCA 1999).[2] However, this does not mean that an officer may ask a driver to exit the vehicle in every instance in which he may ask to speak to the driver. Mimms supra.
Although Officer Miller said that he asked appellant to get out of the vehicle “to prove that I wasn’t detaining him,” asking a person to exit a vehicle in order to talk to him (not as a safety measure *584 during a legitimate traffic stop) is a show of authority that goes beyond a consensual encounter. See Popple v. State, 626 So.2d 185, 188 (Fla.1993). Finally, an officer may not prolong a lawful traffic stop longer than the time necessary to write the citation without having a reasonable suspicion of criminal activity. See Cresswell v. State, 564 So.2d 480 (Fla.1990); Sims v. State, 622 So.2d 180 (Fla. 1st DCA 1993).
Here, Officer Miller admitted that he had no reasonable suspicion of criminal activity. He had already completed the citation and given it to appellant before appellant was asked to exit his vehicle. At that point, the lawful traffic stop should have ended, and appellant should have been free to leave. Even if the incident involving the passenger in appellant’s automobile was ongoing, Officer Miller did not testify that it caused him to be concerned for his safety. Instead, he was merely curious, and the record before us will not support a finding that the officer had a reasonable belief that appellant and/or the passenger were armed and dangerous. Thus, while the initial traffic stop was lawful, Officer Miller’s request of appellant that he exit the vehicle, which was given after the issuance of the citation and without a reasonable suspicion of criminal activity or a reasonable belief that appellant was armed and dangerous, was illegal. See Hines; Sims. Appellant’s motion to suppress should have been granted.
Accordingly, we REVERSE appellant’s conviction and REMAND with instructions that he be discharged as to the possession of cocaine offense.
BENTON and BROWNING, JJ., concur.

. Since the record before us is entirely devoid of any facts surrounding the passenger's arrest, no further mention of that matter will be made herein.

. ' It is not contended that the officer's stopping of appellant was anything other than a legitimate traffic stop.