777 So.2d 1060 (2001)
Tyron SUMMERALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4408.
District Court of Appeal of Florida, Second District.
January 12, 2001.
James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Appellant, Tyron Summerall, seeks the reversal of his conviction and sentence for armed burglary and armed robbery. He challenges the denial of his motion to suppress *1061 the contraband found during a warrantless search of his vehicle. We reverse.
On April 6, 1998, Deputy Vickers stopped appellant's vehicle after he observed appellant traveling on Interstate 75 at an excessive rate of speed. After stopping the vehicle, Deputy Vickers instructed appellant to step to the rear of the vehicle. Deputy Vickers testified that as appellant exited the vehicle, he made a wide turn away from the vehicle and did not close his door which made the deputy suspicious. Deputy Vickers took appellant's driver's license and prepared the traffic citation. As he wrote the citation, Deputy Vickers could see the two occupants of appellant's vehicle moving around, which added to his suspicion. Deputy Vickers then requested by radio that two officers be sent to his location to back him up.
When Deputy Vickers finished the citation, he testified that he gave it and the driver's license to appellant and told him that the traffic stop was over, and he was free to go. Nevertheless, Deputy Vickers then engaged appellant in further conversation in an attempt to delay him from leaving the scene of the traffic stop until the backup officers arrived. After a few minutes of conversation, Deputy Vickers asked appellant for permission to search his vehicle, and appellant agreed. Deputy Vickers then presented a voluntary consent-to-search form to appellant. Appellant, however, withdrew his consent after he read on the form that he had a right to refuse the search.
Deputy Vickers then stated, "I tell him that I'm going to go ahead, since the backup units are coming to me, okay, I tell him thatI told him that I'm going to have a canine walk around the vehicle." At that point, appellant sat down on the pavement. When the backup officers arrived, appellant was still seated on the ground, and the two passengers were still in appellant's vehicle. The officers removed the passengers from the vehicle and then walked a canine around the vehicle. The dog was alerted to the presence of contraband, and Deputy Vickers then conducted a search of appellant's vehicle. The officers found a safe containing jewelry in the front of the vehicle; five guns, located underneath the back seat; and several hockey or ski masks in the trunk. Based on the items found in the car, appellant and the two passengers were placed under arrest and subsequently charged with armed robbery and armed burglary in Polk County, Florida.
The law is clear that a person may not be detained for a traffic violation for any longer than necessary to issue a citation. See Cresswell v. State, 564 So.2d 480 (Fla.1990). The State argues that appellant was not detained but rather voluntarily decided to remain at the scene after the deputy issued him the traffic citation and told him he was free to leave. We disagree.
Whether a person has been detained depends on whether "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Michigan v. Chesternut, 486 U.S. 567, 573, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988). In this case, after the deputy issued appellant the traffic citation, he engaged appellant in further conversation in an attempt to delay him; requested to search appellant's vehicle; and after this request was denied, told appellant that he still was going to have a canine walk around the vehicle. Under these circumstances, no reasonable person would have believed himself "free to leave."
In order to justify a detention beyond the time needed to issue a citation, the officer must have a reasonable suspicion based on articulable facts that criminal activity is occurring. See Cresswell, 564 So.2d at 481. We have considered the observations made by Deputy Vickers and conclude that the behavior observed did not give rise to a reasonable suspicion that appellant was engaged in criminal activity. See generally Joseph v. State, 588 So.2d 1014 (Fla. 2d DCA 1991). Thus, appellant's *1062 continued detention at the scene after he had been issued the citation was improper.
Accordingly, the order denying appellant's motion to suppress is reversed. The judgment and sentence are set aside, and this case is remanded for further proceedings consistent with this opinion.
Reversed and remanded with instructions.
PATTERSON, C.J., and NORTHCUTT, J., concur.