842 So.2d 876 (2003)
Bradley SPARKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3496.
District Court of Appeal of Florida, Second District.
January 22, 2003.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
*877 Charlie Crist, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Bradley Sparks appeals his convictions for possession of methamphetamines and possession of marijuana. He argues that the trial court erred in denying his motion to suppress. We agree and reverse.
A Polk County Sheriff's deputy stopped Sparks' vehicle because a headlight was not working. The deputy asked Sparks for his driver's license and registration, and Sparks complied. The deputy then asked for consent to search the vehicle. Sparks initially agreed but then withdrew the consent. The deputy stopped his search and called for the assistance of a canine unit. Upon the unit's arrival, the dog alerted and narcotics were discovered.
Sparks moved to suppress the narcotics, arguing that the deputy had improperly detained him while awaiting the canine unit. Although there was some dispute as to how long the deputy required Sparks to wait for the arrival of the canine unit, the trial court found that the wait was twenty minutes. The trial court concluded that the wait of twenty minutes was reasonable and denied the motion to suppress. The trial court erred in this finding.
"[A] person may not be detained for a traffic violation for any longer than necessary to issue a citation." Summerall v. State, 777 So.2d 1060, 1061 (Fla. 2d DCA 2001). The testimony in this case indicates that once the citation was completed, Sparks was detained for some period of time. Although the deputy was unclear as to the time that elapsed, he did acknowledge that he completed writing the citation for the headlight prior to the arrival of the canine unit and that he did not give Sparks the citation or otherwise indicate to him that he was free to leave. Accordingly, the time between the completion of the writing of the citation and the arrival of the canine unit was an illegal detention. The trial court, therefore, erred by denying the motion to suppress.
Reversed and remanded.
BLUE, C.J., and COVINGTON, J., Concur.