899 So.2d 1197 (2005)
Kevin B. McNICHOLS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1296.
District Court of Appeal of Florida, Fifth District.
April 15, 2005.
*1198 R. Lee Dorough, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
A cracked windshield on Kevin McNichols' vehicle caused an Osceola County deputy to stop him. After the stop, the deputy examined McNichols' drivers license and expired vehicle registration and only issued a verbal warning in lieu of a citation. The events that followed require us to reverse the trial court's denial of McNichols' motion to suppress directed to the 44.5 grams of Alprazolam pills and 10 grams of marijuana that the deputy discovered in McNichols' vehicle.
After issuing a verbal warning, the deputy asked if he could search for contraband. He could not remember whether McNichols was inside or outside of the vehicle when the request was made, but conceded that McNichols had done nothing to provoke a search. McNichols testified that the deputy asked him to exit his vehicle *1199 after the verbal warning was given, searched his pockets and placed him in handcuffs. McNichols testified first that the deputy asked him for permission to search his vehicle before being handcuffed, but then testified that he was asked for the permission to search after being handcuffed. McNichols was consistent in his insistence that no contraband was discovered before he was handcuffed and no evidence contradicting this testimony was offered by the State.
An officer's stop of an automobile constitutes a seizure and detention within the meaning of the Fourth Amendment to the United States Constitution.[1]See, e.g., Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); State v. Jones, 483 So.2d 433, 435 (Fla.1986). Once a police officer has totally satisfied the purpose for which he has initially stopped and detained a motorist, absent a reasonable, articulable suspicion of illegal activity the officer no longer has any reasonable ground or legal basis for continuing the detention of the motorist. See, e.g., Florida v. Royer, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); State v. Diaz, 850 So.2d 435 (Fla.2003). In the instant case, the initial purpose for the stop was satisfied and removed when the deputy issued the verbal warning to McNichols. At that point, all information related to the purpose of the stop had been obtained and evaluated and no question remained concerning McNichols' violation of the law for driving with a broken windshield or for driving with an expired registration. See, e.g., State v. Brown, 691 So.2d 637 (Fla. 5th DCA 1997) (holding where an officer has requested information which is outstanding, the traffic stop ends when the information is received). The record demonstrates that after issuing a verbal warning, the deputy continued to engage McNichols in discussion that was unrelated to the purpose of the traffic stop. The deputy testified that at the time he issued the verbal warning he was not concerned for his safety, that McNichols did not make any threatening gestures or in any way act suspiciously, and that he did not detect anything else to indicate that there were drugs or weapons or anything illegal in McNichols' vehicle. Because the deputy had no justification for further detention after issuing the warning, absent proof that the continued detention and search was consensual, anything more than an explanation of the stop constitutes a violation of McNichols' Fourth Amendment rights. Further, the State is required to show by clear and convincing evidence that McNichols freely and voluntarily consented to the search of his vehicle. See Dormezil v. State, 754 So.2d 168 (Fla. 5th DCA 2000).
In the instant case, McNichols admitted that he consented to the search of his vehicle, but explained that he did so only because he felt that he had no other alternative under the circumstances. The record contains conflicting testimony regarding whether the consent was freely and voluntarily provided. The deputy initially testified that he requested consent to search the vehicle after issuing a verbal warning, but later clarified that he could not recall whether he asked for consent before or after he asked McNichols to exit his vehicle. Although McNichols provided inconsistent testimony regarding the exact moment when he consented to the search, i.e., before or after he was placed in handcuffs, he was very clear in stating that he gave consent after he was requested to exit his vehicle, and he agreed to the search only because he "figured three of them (three deputies) were there; they *1200 had a right to search it." The State did not rebut McNichols' testimony. Although a trial judge has discretion to believe one party's account of events over another party's conflicting account of the same events, here the record demonstrates that McNichols' testimony did not conflict materially with the testimony offered by the deputy.
Based on the testimony presented, it appears that McNichols simply submitted to a show of authority. See Popple v. State, 626 So.2d 185, 188 (Fla.1993) (holding where an officer requests a person to exit a vehicle, for reasons not related to safety concerns, such request represents a show of authority, and the person's acquiescence may not be considered voluntary because a reasonable person under the circumstances would believe that he should comply with the request). The judge's denial of the motion to suppress based on a personal belief that "officers just don't operate that way" does not constitute clear and convincing evidence of consent to search. See Dept. of Labor & Employment, Div. of Workers' Compensation v. Bradley, 636 So.2d 802, 809 (Fla. 1st DCA 1994) (noting that guesses or assumptions about facts cannot constitute evidence that would reasonably support a factual conclusion). Under these facts, the State clearly failed to meet its burden of proof and the denial of McNichols' motion was improper.
The motion to suppress was directed to evidence obtained illegally and should have been granted. See, e.g., Maxwell v. State, 785 So.2d 1277 (Fla. 5th DCA 2001) (holding that evidence discovered as a result of unreasonable detainment should be suppressed as illegally obtained). We reverse the denial of the dispositive motion and vacate the conviction and sentence.
REVERSED.
GRIFFIN, J., concurs.
MONACO, J., concurs and concurs specially with opinion.
MONACO, J., concurring specially.
While I fully agree with the majority opinion, I write only to reiterate that if a law enforcement officer during a legitimate traffic stop asks a person to exit a vehicle, not for purposes of officer safety, but in order to talk further to that person, which is precisely what happened in the present case, there is a show of authority that goes beyond a consensual encounter. See Popple v. State, 626 So.2d 185, 188 (Fla.1993); Gilchrist v. State, 757 So.2d 582, 584 (Fla. 1st DCA 2000). The denial of a motion to suppress will be upheld on appeal if the trial court's findings of fact are supported by competent, substantial evidence in the record. See State v. Kindle, 782 So.2d 971 (Fla. 5th DCA 2001). While there is some confusing testimony in the record, there is no substantial competent evidence to support the trial court's conclusion that consent to search was given before the show of authority. Thus, I join in the decision of the panel in holding that the search was infirm.
NOTES
[1] Article I, Section 12 of the Florida Constitution requires Florida courts to apply Fourth Amendment law as interpreted by the United States Supreme Court.