PALMER, J.
The State appeals the trial court’s order granting Christina Sosa’s motion to suppress.[1] Concluding that Sosa was not illegally detained by the sheriffs deputy prior to the search of her vehicle, we reverse.
Sosa was charged with committing the crime of possession of alprazolam. See § 893.13(6)(a), Fla. Stat. (2004). She filed a pretrial motion to suppress the contraband seized at the time of her arrest. At the hearing on the motion to suppress, Deputy Richard Schmeltzer of the Orange County Sheriffs Office testified that, on the day of Sosa’s arrest, he observed a vehicle with a partially obscured tag traveling on the roadway. Schmeltzer pulled the car over and Sosa identified herself using her driver’s license. Schmeltzer testified that Sosa told him she was taking her passenger to the hospital. Schmeltzer notified Orange County Fire and Rescue and they responded to the scene and transported Sosa’s passenger to the hospital. After the passenger was taken care of, Schmeltzer stated that he gave Sosa back her driver’s license and told her she was free to leave. Schmeltzer then asked for permission to search Sosa’s vehicle and Sosa granted him permission to search. Schmeltzer testified that during his search he found white pills inside a brown pouch in the vehicle. Sosa told him the pills were Xanie Bars (which is street slang for Xanax).
On cross-examination, Schmeltzer testified that, after he told Sosa she was free to go, she could have driven away. He also stated that Sosa could have refused to let him search her car.
Sosa thereafter testified that when Schmeltzer asked her if he could search her car, she felt that she did not have the right to refuse. Sosa’s exact testimony was as follows:
Q How long was it before the officer told you that you were free to leave?
A At least 30, 45 minutes.
Q At some point did he ask you to search your car?
A Yes, sir, he did.
Q Did you feel like you had a right to refuse to have him search your car?
A No.
Q What do you think would have happened if you had said no?
A He would have searched regardless. If you say no, then you’re hiding something and that doesn’t seem— come on, I was not free to go. I would have gotten in the car and left
[[Image here]]
Q Okay. All right.
A .... if I was that free to go.
Sosa admitted that, after her passenger was taken to the hospital, Deputy Schmelt-zer did tell her she was free to go. She also admitted that she never objected to the search of her car.
The trial court issued a written order granting Sosa’s motion to suppress. The trial court found as follows:
*584 Officer Schmeltzer had a legal basis to stop the Defendant’s car due to a partially obscured expiration date on the car’s license tag. The Officer conducted an investigation and determined the tag to be valid. During that investigation, Officer Schmeltzer discovered an ill passenger in the vehicle and took the appropriate actions in having that passenger transported by emergency rescue to the hospital. At the conclusion of discovering the validity of the license tag the investigation and detention was over. The Officer stated that he then advised the Defendant that she was free to go, and then immediately asked if she had any contraband, illegal substances, et cetera, et cetera, and if he could have permission to search.
In applying the reasonableness standard that the investigation was over, there was no reason for the continued detention or continued inquiry here by the officer. Also, even though the statement that the Defendant was free to go is not realistic under the totality of the circumstances and the investigation should have stopped. There was no probable cause, no articulable suspicion, and no reason for further search
The State challenges the trial court’s order claiming the trial court erred in concluding that, by asking Sosa for consent to search her vehicle, Schmeltzer unlawfully extended the length of her detention. We agree.
When reviewing a trial court’s ruling on a motion to suppress, the trial court’s factual findings must be affirmed if supported by competent, substantial evidence, while the trial court’s application of the law to those facts is reviewed de novo. Hicks v. State, 929 So.2d 13 (Fla. 2d DCA 2006).
In this case, the trial court correctly determined that Deputy Schmeltzer had a legal basis to stop Sosa’s car due to a partially obscured expiration date on the car’s license tag. See State v. Johns, 920 So.2d 1156 (Fla. 2d DCA 2006)(holding police deputy was initially justified in stopping defendant’s vehicle for an expired license tag). The trial court also properly determined that Schmeltzer took the appropriate action in having Sosa’s passenger transported by emergency rescue to the hospital. However, the trial court erred in concluding that Sosa was being illegally detained when Deputy Schmeltzer asked her if he could search her car. The evidence does not support that conclusion.
Whether a person has been detained after a traffic stop depends on whether, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he or she was not free to leave. Summerall v. State, 111 So.2d 1060 (Fla. 2d DCA 2001). Once Deputy Schmeltzer told Sosa she was free to go, the detention was over. No evidence was presented by Sosa indicating that any officer attempted to prolong the traffic stop. Nor was any evidence presented by Sosa that Deputy Schmeltzer blocked her from leaving the scene, threatened her, held on to her license, or asked her to step out of her car. It is unclear what else Deputy Schmeltzer could have done to make it more evident to Sosa that the detention was over other than to tell her that she was free to go. In fact, the only thing Sosa did testify to was her subjective belief that she was not free to leave. Sosa was unable to explain the basis of her belief that she was not free to leave, other than simply her subjective belief, or perhaps ignorance of the law. If continued questioning by a police officer of an individual after that individual is told she is free to leave were sufficient to con *585 stitute a continued detention prohibited by the Fourth Amendment, then almost any citizen encounter would be deemed a detention.
Once Sosa’s detention was over it was permissible for Deputy Schmeltzer to ask questions and request permission to search. See State v. Kindle, 782 So.2d 971 (Fla. 5th DCA 2001)(holding during a valid traffic stop, or even if a valid traffic stop has had its lawful function completed and turns into a citizen encounter, there is no reason a law enforcement officer cannot ask for consent to search). Therefore, the trial court’s conclusion that Sosa was illegally detained is not supported by competent substantial evidence.
Accordingly, we reverse the trial court’s suppression order and remand for further proceedings.
REVERSED and REMANDED.
SHARP, W., J., concurs.
GRIFFIN, J., concurs in result only.

. Jurisdiction is proper pursuant to rule 9.140(c)(1)(B) of the Florida Rules of Appellate Procedure.