SUAREZ, J.
The State of Florida appeals from an order granting D.R.’s motion to suppress. We reverse and remand for a new suppression hearing.
In reviewing a trial court’s ruling on a motion to suppress, the appellate courts defer to the trial court’s factual findings so long as the findings are supported by competent, substantial evidence, and review de novo the legal question of whether there was probable cause given the totality of the factual circumstances. Twilegar v. State, 42 So.3d 177, 192 (Fla.2010). Having reviewed the evidence presented at the hearing on D.R.’s motion to suppress, we conclude that the trial court’s order granting the motion to suppress relied upon an incorrect sequence of events. The order correctly states that the car D.R. was riding in was stopped because it matched a BOLO description and the purpose of the stop was to wait for the victim to arrive for a possible I.D. The order incorrectly states that the officers searched D.R. after the victim showed up and failed to identify the car occupants as her assailants. But the historical sequence of events in the record is established by the officers’ testimony. That evidence shows that D.R. had been arrested for possessing a concealed firearm in his boot before the victim showed up to identify suspects; at the point D.R. was asked to remove his boot, the initial purpose of the investigatory stop was ongoing and had not yet been resolved.
Although the trial court is correct about the legal principle involved, it based its decision on a line of cases that are factually distinguishable. Those cases hold that “an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop.” Florida v. Royer, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Cresswell v. State, 564 So.2d 480, 481 (Fla.1990) (holding that a traffic stop may last no longer than the time it takes to write a citation); McNichols v. State, 899 So.2d 1197 (Fla. 5th DCA 2005) (holding that once a police officer has totally satisfied the purpose for which he has initially stopped and detained the motorist, the officer no longer has any reasonable grounds or legal basis for continuing the detention). The facts of D.R.’s case reveal that the officers were not yet finished with the investigatory stop when D.R. aroused the officers’ suspicion by his behavior.
There is clear error in the historical facts relied upon by the trial court in the order granting the motion to suppress. If the purpose of the BOLO stop was met prior to D.R. being searched, then the detention had ended and any further search was illegal: If, however, the purpose of the BOLO stop was not yet achieved, then the detention was ongoing and the search was not illegal if based on reasonable suspicion. See Cresswell, 564 So.2d at 482 (“In determining whether an officer had reasonable suspicion in any given case, the totality of the circumstances— the whole picture — must be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.”); see also State v. Hankerson, 65 So.3d 502 (Fla.2011) (discussing probable cause in light of the factual circumstances coupled with the officer’s experience and *374 knowledge); State v. Betz, 815 So.2d 627, 633 (Fla.2002) (holding that law enforcement officers have probable cause to search where the facts and circumstances within their knowledge and experience are sufficient to warrant their reasonable belief that an offense has or is being committed.); McNichols, 899 So.2d at 1199.
We reverse the order granting the defendant’s motion to suppress and remand for a new hearing to determine whether, given the officers’ experience and observations, they had reasonable suspicion to search D.R. during the context of an ongoing detention.
Reversed and remanded for further proceedings.