DAVIS, Judge.
William B. Crist challenges his judgment and forty-eight-month prison sentence entered after he pleaded no contest to possession of a controlled substance. He specifically reserved the right to appeal the denial of his motion to suppress, in which he challenged the voluntary nature of his consent to be searched. Because we find that the trial court erred in concluding that Crist’s consent to be searched was voluntary, we reverse.[1]
*83 Crist was stopped for riding his bicycle at night without a light. The officer completed the initial basis for the stop by issuing him a citation and then requested permission to search Crist for drugs or weapons. According to the officer, Crist agreed to the search, the officer waited for backup to arrive before conducting the search, and a vial containing cocaine was found in Crist’s right front pocket. However, at the hearing on Crist’s motion to suppress this evidence, Crist argued that he did not consent to be searched and that he was not searched until after he was placed in handcuffs. The officer acknowledged that the basis for the stop had concluded once Crist was issued the citation and that Crist was free to leave at that time. However, the officer also acknowledged that he never told Crist he was free to leave. The trial court denied the motion to suppress, finding that Crist was free to leave at the time he voluntarily consented to the search. Crist then entered a plea, reserving the right to appeal the denial of his motion to suppress.[2]
Crist argues on appeal that he did not consent to a search and that, if anything, he merely acquiesced to the officer’s request to conduct a pat down search for weapons. Based on the record before us, we conclude that there was competent, substantial evidence on which the trial court could find that the scope of Crist’s consent, if freely given, was for a full search and not simply a pat down. See Allen v. State, 909 So.2d 435, 438 (Fla. 5th DCA 2005) (“The standard for measuring the scope of a consent under the fourth amendment is objective reasonableness— what the typical, reasonable person would have understood the exchange of words, under the circumstances, to mean.”). But even taking all the facts in the light most favorable to the State, it remains uncertain whether Crist voluntarily gave- his consent because it is not clear that he knew he was free to leave at the time he agreed to the search or while he waited for the backup officers to arrive.
Where the reasons for a valid traffic stop have concluded and the person knows he or she is free to leave, an officer may ask for consent to search and the fruits of such a search will not be subject to suppression. State v. Sosa, 932 So.2d 582, 584 (Fla. 5th DCA 2006). However, “absent proof that the continued detention and search w[ere] consensual, anything more than an explanation of the stop constitutes a violation of ... Fourth Amendment rights.” McNichols v. State, 899 So.2d 1197, 1199 (Fla. 5th DCA 2005).
In the instant case, the officer never told Crist that he was free to leave. Cf. Sosa, 932 So.2d at 584 (“Once [the officer] told Sosa she was free to go, the detention was over.”). Had the officer affirmatively done so, it would have established that Crist knew he was free to leave when the officer requested the search absent any evidence presented by Crist to the con *84 trary. See id. at 584-85. Because the record establishes that the officer failed to inform Crist that he was free to leave, the burden shifted to the State. Cf Palmer v. State, 758 So.2d 679, 680 (Fla. 2d DCA 2000) (discussing the State’s burden in the context of a motion to suppress evidence found after a warrantless search). Thus “the State [wa]s required to show by clear and convincing evidence that [Crist] freely and voluntarily consented to the search.” See McNichols, 899 So.2d at 1199.
Even when viewed in the light most favorable to the State, the evidence presented below does not rise to the level of clearly and convincingly proving that Crist knew he was free to leave at all points after the citation was issued. The facts show that a uniformed officer in a lighted patrol car detained him for a traffic stop during which he was not free to leave. Upon issuing the citation and without acknowledging to him that the stop was over, the officer asked if he could search Crist. Even if we could assume that Crist voluntarily agreed to the search at that point, the officer’s subsequent actions in waiting for a second patrol officer to arrive before conducting the search is the antithesis of a clear and convincing indication that a reasonable person would feel free to revoke consent and leave during that delayed waiting period. See Summerall v. State, 777 So.2d 1060, 1061 (Fla. 2d DCA 2001) (“[AJfter the deputy issued appellant the traffic citation, he engaged appellant in further conversation in an attempt to delay him; requested to search appellant’s vehicle; and after this request was denied, told appellant that he still was going to have a canine walk around the vehicle. Under these circumstances, no reasonable person would have believed himself ‘free to leave.’ ”); cf Sosa, 932 So.2d at 584 (“No evidence was presented ... indicating that any officer attempted to prolong the traffic stop. Nor was any evidence presented ... that [the deputy] blocked her from leaving the scene, threatened her, held on to her license, or asked her to step out of her car.”).
Because the State failed to meet its heavy burden to show that Crist’s consent was freely given, the trial court should have granted the motion to suppress. We therefore reverse and remand for the trial court to set aside Crist’s judgment and resulting sentence.
Reversed and remanded.
KHOUZAM and MORRIS, JJ„ Concur.

. Crist’s appeal was initially briefed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), but this court ordered supplemental briefing on the volun *83 tary nature of Crist’s consent to be searched and allowed the parties to submit supplemental briefing related to the issue addressed in State v. Adkins, 71 So.3d 184 (Fla. 2d DCA 2011), review granted, 71 So.3d 117 (Fla. 2011). Because we conclude that the issue of the voluntariness of the consent to search is meritorious and that the suppression of the results of that search is a dispositive issue, the potential Adkins issue is mooted by our reversal. See G.G. v. State, 84 So.3d 1162 (Fla. 2d DCA 2012).

. Although there was no determination on the record that the suppression issue was disposi-tive, it is clear that without the drugs found as a result of the search, the charges against Crist would not exist. We therefore afford Crist the benefit of any uncertainty by allowing the appeal to proceed. See England v. State, 46 So.3d 127, 129 (Fla. 2d DCA 2010).