ALTENBERND, Judge.
Teddy L. Summerall appeals the circuit court’s order dismissing his petition for writ of habeas corpus. We affirm.
In his petition, Mr. Summerall describes the relief that this court provided to his brother on direct appeal in 2001. See (Tyron) Summerall v. State, 777 So.2d 1060 (Fla. 2d DCA 2001). He maintains that his judgments and sentences, which were affirmed by this court in 2000, see 767 So.2d 1218 Summerall v. State, 767 So.2d 1218 (Fla. 2d DCA 2000) (table decision), are a manifest injustice in light of the outcome achieved by his brother.
Mr. Summerall has repeatedly raised this claim. See Summerall v. State, 90 So.3d 290 (Fla. 2d DCA 2012) (table decision); Summerall v. State, 84 So.3d 1039 (Fla. 2d DCA 2011) (table decision); Summerall v. Tucker, 75 So.3d 282 (Fla. 2d DCA 2011) (table decision) (habeas); Summerall v. State, 61 So.3d 1127 (Fla. 2d DCA 2011) (table decision) (habeas); Summerall v. State, 15 So.3d 590 (Fla. 2d DCA 2009); Summerall v. State, 992 So.2d 265 *449 (Fla. 2d DCA 2008) (table decision) (habeas); Summerall v. State, 915 So.2d 1214 (Fla. 2d DCA 2005) (table decision); Summerall v. State, 856 So.2d 1002 (Fla. 2d DCA 2003) (table decision); Summerall v. State, 767 So.2d 1218 (Fla. 2d DCA 2000) (table decision). Each time, this court has carefully considered the claim and rejected it. Mr. Summerall’s effort to obtain federal habeas relief in 2007 was rejected as time-barred. See Summerall v. Crosby, 2007 WL 4247931 (M.D.Fla.2007).
In this instance, Mr. Summerall did not disclose in either his petition in the circuit court or in his brief in this court that he had filed the earlier unsuccessful proceedings. We affirm the order on appeal. In the event that Mr. Summerall files any additional challenges to these judgments and sentences, and we are not encouraging him to do so, he shall disclose his prior postconvietion proceedings and the results of those proceedings in any motion, petition, or brief. Mr. Summerall is cautioned that failure to make such a disclosure may subject him to appropriate sanctions.
Affirmed.
CRENSHAW and MORRIS, JJ„ Concur.