WALLIS, J.
The State appeals the lower court’s order suppressing James Arthur Jenkins’ gun, which fell from his waistband as the police detained him on public property in front of a private residence upon which the police were executing a search warrant. According to testimony, Jenkins’ car was parked at the residence. The initial order, prepared by defense counsel, included factual findings, which the State disputed through a motion for rehearing. As a result, the lower court entered a short-form order (1) granting the motion to suppress and (2) denying the motion for rehearing. The lower court made no written findings of fact or conclusions of law in the order; instead, the court incorporated the findings and holdings that were expressed in open court during the suppression hearing. In its oral finding, the lower court found only that Jenkins was on the city’s property in front of the premises to be searched. Relying on Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), the lower court granted the motion to suppress. This appeal followed.
“A trial court’s ruling on a motion to suppress comes to us clothed with a presumption of correctness and, as the reviewing court, we must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling.” Murray v. State, 692 So.2d 157, 159 (Fla.1997) (citation omitted). We “review de novo the legal question of whether there was probable cause given the totality of the factual circumstances.” State v. D.R., 67 So.3d 372, 373 (Fla. 3d DCA 2011) (citing Twilegar v. State, 42 So.3d 177, 192 *650 (Fla.2010)). We defer to the lower court’s factual findings if they are supported by competent, substantial evidence. Id. However, when a lower court makes insufficient findings of fact, we remand for the lower court to make necessary findings because we are precluded from making factual findings in the first instance. Douglass v. Buford, 9 So.3d 636, 637 (Fla. 1st DCA 2009) (citing In re Doe, 932 So.2d 278, 283 (Fla. 2d DCA 2005)).
A search warrant for a premises permits the detention of the occupants of that premises so long as those occupants are located inside the premises or within its immediate vicinity. Bailey v. United States, - U.S. -, -, 133 S.Ct. 1031, 1042, 185 L.Ed.2d 19 (2013). The Bailey Court did not define the phrase “immediate vicinity” but set forth factors for courts to consider in determining whether an occupant of the premises to be searched, pursuant to a warrant, was detained within the immediate vicinity of the premises. Id. The factors listed in Bailey to determine whether an occupant was within the immediate vicinity include the “lawful limits of the premises, whether the occupant was within the line of sight of his dwelling, the ease of reentry from the occupant’s location, and other relevant factors.” Id. Jenkins’ presence on a public street, without more, is insufficient to determine whether the detention was an unreasonable seizure within the meaning of the Fourth Amendment. We reverse and remand for the lower court to make further findings and conclusions in accordance with the factors set forth in Bailey.
REVERSED and REMANDED.
PALMER and ORFINGER, JJ., concur.