PER CURIAM.
Under review is a dispositive order by the lower court denying Appellant Joshi-wah Denard Vaughn’s motion to suppress evidence obtained during a traffic stop. Having determined the court below properly denied the motion, we affirm.
Based on the testimony provided, at the suppression hearing, the facts of the traffic stop were as follows. In the early morning hours of August 14, 2013,, Appellant’s vehicle was stopped by Gainesville Police Department Officer Candace Futrell for a window tint violation. Upon approaching the vehicle, Officer Futrell saw a television illegally mounted to the dashboard. Officer Futrell asked for Appellant’s license and registration and questioned him regarding his home address. The addresses on the license and the registration, as well as the one orally provided by Appellant, were all different. Officer Futrell then asked' Appellant a series of questions regarding whether he had any weapons or contraband on his person or in the vehicle, and Appellant replied that he had a knife on him. By this time, other officers, including a police K-9, had arrived onto the scene and Officer Futrell requested Appellant step out of the vehicle. At the hearing, Officer Futrell testified that she asked Appellant to exit the vehicle for officer safety purposes because Appellant had admitted to having a knife on him and she did not know if any other weapons were in the vehicle.
Once Appellant was out of-the vehicle, Officer Futrell again questioned him regarding the different addresses to determine whether Appellant had failed to 'update his registration as required by law. In response to the questioning, Appellant replied that he had different addresses for where he lives and where he receives his mail. Officer Futrell then informed Appellant that the officers needed to remove the knife from him for safety reasons. Another officer patted down the pocket indicated by Appellant, removed what was described at the hearing as a box cutter or utility knife, and handed it to Officer Futrell. Without opening the knife, Officer Futrell was able to see a' white powdery residue she suspected to bé cocaine. A field test conducted on site confirmed her suspicion. Appellant was then searched and narcotics were found on his person.
In denying the motion, the court below determined that Officer Futrell had a valid reason to stop Appellant and further investigate the addresses issue. The court also found that the time Appellant was detained before the frisk, (about ten to fifteen minutes), was not unreasonable. Finally, the court concluded that Officer Futrell had a valid safety concern to retrieve the knife. Once the cocaine was discovered on the knife, probable cause existed to arrest Appellant and a valid search incident to arrest led to. narcotics being discovered on his person.
The review of a motion to suppress is a mixed question of fact and law. Higerd v. State, 54, So.3d 513, 516 (Fla. 1st DCA 2010). The standard of review for the trial judge’s factual findings is whether competent, substantial evidence. supports *356 the judge’s ruling. Butler v. State, 706 So.2d 100, 101 (Fla. 1st DCA 1998). The standard of review for the trial judge’s application of the law to the factual findings is de novo. Id. A trial court’s ruling on a motion to suppress comes “clothed with a presumption of correctness” and the reviewing court- “must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling.” Murray v. State, 692 So.2d 157, 159 (Fla.1997).
On appeal, Appellant argues that the lower court erred because the traffic stop progressed into an investigative detention without reasonable suspicion. We disagree. Appellant was validly stopped because his car’s window tint appeared, and was in fact, too dark. See § 316.2953, Fla. Stat. (2014) (making it a noncriminal traffic infraction for operating a motor vehicle with side windows tinted beyond a .certain percentage); State v. Moore, 791 So.2d 1246, 1249 (Fla. 1st DCA 2001) (finding that an officer was justified in stopping a vehicle because the officer’s observation of dark tinted windows gave him probable cause to believe they were illegally tinted). Officer Futrell also saw a television illegally" mounted on the dashboard. See § 316.303, Fla. Stat. (2014) (making it a noncriminal traffic infraction to operate a motor vehicle with television-type receiving equipment located so that the viewer or screen is visible from the driver’s seat). Upon asking for Appellant’s license and registration, as well as his home address, Appellant supplied three different addresses. We find this sufficient grounds for Officer Futrell-to detain Appellant in order to investigate whether he had committed a criminal offense by failing to maintain an up-to-date registration. See § 320.02(4), Fla. Stat.- (2014) (“The owner of any motor vehicle registered in the state shall notify the department in writing of any change of address within 20 days of such change.”); § 320.57(1), Fla. Stat. (2014) (“Any person convicted of violating any of the provisions of this chapter is, unless otherwise provided herein, guilty of a misdemeanor of the second degree[.]”). While Appellant was being validly detained, he admitted to having a knife on his person. Officer Futrell requested Appellant exit the vehicle ánd informed him that the officers needed to remove the knife for safety concerns. See § 901.151(5), Fla. Stat. (2014) (providing that when an officer' has probable cause to believe that an individual being temporarily detained is armed with a dangerous weapon, the officer may search the individual to the extent necessary to disclose the weapon). In plain view on the knife was a residue that tested positive for cocaine.
We find that the facts of this case demonstrate a logical, chain of events, beginning with a valid traffic stop, leading to a detainment based on reasonable suspicion of criminal activity, and ending with the discovery of narcotics on a weapon justifiably seized for officer safety purposes. Appellant argues that Officer Futrell did not have a valid basis for asking him tó exit the vehicle arid in support cites to this Court’s decision in Gilchrist v. State, 757 So.2d 582 (Fla. 1st DCA 2000), There, an officer stopped a vehicle for speeding and, after checking the driver’s license and registration, issued a ticket. Id. at 583. Out of curiosity, the officer asked the driver to exit the vehicle. Id. When the driver consented to a search of his person,' cocaine was found in his wallet. Id. At a suppression hearing the officer admitted he had no reasonable suspicion that the driver had done anything wrong other than driving at an excessive rate. Id. Additionally, there was no testimony that the officer had a concern for his safety. Id. at 584. On appeal, this Court reversed the- driver’s conviction for possession of cocaine and *357 noted that “while the initial traffic- stop was lawful, Officer Miller’s request of appellant that he exit the vehicle, which was given after the issuance of the citation and without a reasonable suspicion of criminal activity or a reasonable belief that appellant was armed and dangerous, was illegal.” Id. Clearly, the facts of Gilchrist are distinguishable from those in the instant appeal. Unlike the officer in that case, Officer Futrell had both a reasonable suspicion of criminal activity and-a reasonable belief that Appellant was armed with a dangerous weapon when she requested he exit the vehicle.
Having determined that Officer Futrell had a reasonable suspicion of criminal activity sufficient to detain Appellant as well as a valid safety concern due to the knife, we find that the lower court properly denied Appellant’s motion to suppress.
AFFIRMED.
OSTERHAUS, J., and DON H. LESTER, Associate Judge, concur.
BENTON, J., concurs in result.