# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-2396
Lower Tribunal No. 2021-CF-008022-O

_____

STATE OF FLORIDA,

Appellant,

v.

TONY DEVONNE HALL,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Patricia L. Strowbridge, Judge.

April 19, 2024

WOZNIAK, J.

The State of Florida appeals the dispositive suppression order related to the traffic stop of Tony Devonne Hall. We conclude that suppression was erroneously ordered because there was probable cause to stop Hall and search his vehicle. Accordingly, we reverse the suppression order and remand for further proceedings.[1]

---

[1] We do not discuss the remaining issues raised on appeal, finding no merit therein.

Deputy Scanlon, who was in an unmarked vehicle, noticed Hall parked at a convenience store and observed the window tint on Hall's car was excessive. As he watched, a female approached Hall and engaged in what Deputy Scanlon believed was a hand-to-hand drug transaction, although the deputy did not actually see any objects change hands. When Hall drove off, the deputy followed and simultaneously radioed another deputy to stop the female. Deputy Scanlon later explained that he preferred to get a marked car to the scene in case the driver chose to flee and elude. Hall drove to a nearby gas station and, after apparently paying inside, returned to pump gas, at which point Deputy Hall initiated the stop. Upon approaching Hall, Deputy Scanlon smelled marijuana both on Hall's person and coming from Hall's vehicle. Other officers arrived, and a warrantless search of Hall's car uncovered a firearm and narcotics. Hall was arrested at the scene and subsequently charged with possession of a firearm by a convicted felon, possession of cocaine, and resisting an officer without violence.

Hall moved to suppress the items recovered in the search. Following the suppression hearing, the trial court rejected Deputy Scanlon's testimony that he had probable cause for the stop because of the dark window tint. Instead, the trial court concluded that Deputy Scanlon was impermissibly motivated by his suspicion or "hunch" that he had observed a drug transaction. It granted Hall's motion, finding it dispositive of all charges. This was error.

2

As this Court explained in State v. Hickman, 363 So. 3d 217, 218 (Fla. 6th DCA 2023), review denied, No. SC2023-0744, 2023 WL 5274212 (Fla. Aug. 16, 2023), a law enforcement officer's subjective intent in stopping a driver is irrelevant to the determination of whether probable cause existed to support the stop:

> Thus, when addressing the constitutional validity of a traffic stop, Florida courts employ a "strict objective test which asks only whether any probable cause for the [traffic] stop existed." Holland [v. State], 696 So. 2d [757] at 759 [Fla. 1997] (citing Whren [v. United States], 517 U.S. [806] at 819, 116 S. Ct. 1769 [1996]). Stated differently, the officer's subjective motivation for speaking to Tompkins is irrelevant to our determination of whether his stop was reasonable. See Whren, 517 U.S. at 813, 116 S. Ct. 1769 ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."); Holland, 696 So. 2d at 759 ("In determining whether the suppression order in the instant case should be reversed, we are constrained to review the record under the objective test of Whren. When applying the objective test, generally the only determination to be made is whether probable cause existed for the stop in question.").

See also Whren v. United States, 517 U.S. 806 (1995) (holding that constitutional reasonableness of traffic stop is not dependent on officer's motivation, but rather on whether, under strictly objective test, probable cause for stop existed). The applicable objective test asks only whether probable cause existed at the time of the stop and here, that answer is clearly "yes."

3

The apparent window tint violation alone provided probable cause for the stop because excessive window tint is a noncriminal traffic violation,[2] and the violation of a traffic law provides probable cause for a stop.  See Holland v. State, 696 So. 2d 757 (Fla. 1997) (holding violation of traffic law gives officer probable cause to stop vehicle); Cresswell v. State, 564 So. 2d 480, 481 (Fla. 1990) ("[A] law enforcement officer is clearly entitled to stop a vehicle for a traffic violation." (citation omitted)); State v. Parker, 311 So. 3d 1029, 1032 (Fla. 5th DCA 2021) ("We begin with the fundamental principle that the commission of a traffic violation gives law enforcement the right to stop a vehicle." (citation omitted)); Vaughn v. State, 176 So. 3d 354, 356 (Fla. 1st DCA 2015) (holding stop was valid where vehicle window tint appeared too dark); State v. Sarria, 97 So. 3d 282 (Fla. 4th DCA 2012) (holding officer had probable cause to stop the vehicle for the noncriminal traffic violation of excessive window tint).  The fact that Deputy Scanlon also believed he had seen an illegal narcotics transaction is irrelevant at this stage, given that the window tint provided probable cause for the stop.

Probable cause to search Hall and his vehicle also existed.  Deputy Scanlon, whom the trial court found to be an experienced officer with specialized training in narcotics and, of particular note, highly trained in narcotics surveillance, testified

---

[2] Sections 316.2953-.2954, Florida Statutes (2021), restrict window tinting on the windshield, side windows, and windows behind the driver to a specified percent and make violation of the statutes a noncriminal traffic infraction.

that he had observed a female walk up to Hall, as Hall sat in his vehicle, and exchange something with him. The trial court found Deputy Scanlon's testimony of what he had witnessed detailed and credible. Deputy Scanlon testified that, upon stopping and approaching Hall, he smelled marijuana coming from Hall's person and vehicle. That fact was not challenged. Given the totality of the facts available to Deputy Scanlon, including his prior observation of what he believed was a hand-to-hand narcotics transaction and the smell of marijuana emanating from Hall and Hall's vehicle, Deputy Scanlon had probable cause to conduct the search. See State v. Betz, 815 So. 2d 627, 634 (Fla. 2002) ("[B]ased upon the totality of the circumstances within the perception of the law enforcement officers in the instant case, probable cause to search . . . the respondent's vehicle existed."). Because the search was supported by probable cause, the resulting contraband was properly seized.

For the reasons discussed above, we reverse the suppression order and remand for further proceedings.

REVERSED and REMANDED for further proceedings.

TRAVER, C.J., and STARGEL, J., concur.

Ashley Moody, Attorney General, Tallahassee, and Deborah Chance, Assistant Attorney General, Daytona Beach, for Appellant.

Howard L. "Rex" Dimmig, II, Public Defender, and Andrea M. Norgard, Assistant Public Defender, Bartow, for Appellee.

5

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED